SOLOMON WOLFE'S ADMINISTRATRIX v. LACY, COLBY & Co.

<div style="float:right">30   349<br>90   587</div>

When a voyage has been commenced and the loss sustained, the net value of the article shipped at the place of destination is in general the criterion of damages for the breach of the contract, and interest, as a legal incident, should not be allowed; but interest by way of punitory damages for any fraud, delinquency, or injustice by the carrier may be awarded. (Paschal's Dig., Arts. 452, 3940, Notes 329, 930.)

APPEAL from Cherokee.   The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

Lacy, Colby & Co. sued Solomon Wolfe on a bill of lading, by which Wolfe undertook to deliver one hundred and sixty-one bales of cotton at Sabine Pass for shipment to New Orleans.

The issue was as to carelessness and want of diligence, or not. The proof of the damage was conclusive, the proof of the carelessness was satisfactory to the jury. The owner sold the plank, which was used for covering the cotton, and thus exposed it to heavy rains. He refused to allow the steamboat Florida to tow his boat across the lake, and thus kept the cotton exposed for three weeks to the weather. He was much of the time " on a spree," and failed to act like a prudent man. The instructions of the court construed these acts into carelessness, and also told the jury that, if they thought the carelessness was gross, they should not only allow the actual damages proved, but such punitory damage as would cover the interest upon the actual damage. The jury found a verdict accordingly, and from the judgment upon it the defendant's administratrix appealed, and assigned for error the instructions of the court.

·*T. T. Gammage*, for the plaintiff, insisted that interest can only be recovered for a certain amount under the statute, in which he cited Paschal's· Dig., Art. 3940, and the cases cited in note 930, and Sedg. on Dam., 355, and cases there cited. He also insisted that the defendant was not in the rule of Chavellier v. Patton, 10 Tex., 346.

*Bonner & Bonner*, for appellees, argued the facts of the case, and cited the authorities upon carriers collected in Paschal's Dig., Note 329.

SMITH, J.—The law regulating the duties and liabilities of common carriers in the event of loss, in cases like this, was correctly given by the court in his charge to the jury,

as settled by this court in the case of Chevallier v. Patton, 10 Tex., 346; Whitesides v. Turkhill, 12 Miss., 599. Whether the defendant, by custom or contract, was to cover the boats, so that the cotton would be protected from rain, was correctly presented to the jury, and we see no reason for disturbing it for any error in the charge in this respect.

The defendant objects to the charge of the court and the verdict of the jury, on the ground that interest on the amount of the damages was rendered. In the case of Fowler v. Davenport, 21 Tex., 635, it is said, that when the voyage has been commenced and a loss has been sustained, the net value of the article shipped at the place of destination is, in general, the criterion of damages for the breach of the contract, and that interest, as a legal incident, to that amount thus ascertained should not be allowed; but it is as well settled in the same opinion, that interest by way of punitory damages for any fraud, delinquency, or injustice done by the carrier to the owner may be awarded. Upon this ground interest is not allowed as a legal incident or natural consequence upon the amount that may be assessed by the jury; but as punitory or vindictive damages for the fraud, delinquency, or injustice done on the part of the carrier, and as a punishment on him for such willful wrong or gross neglect.

The averments and evidence in the case show abundantly that the defendant was guilty of gross misconduct in selling off the plank that was used as a covering for the cotton on the boat and exposing it to the rain, and of gross neglect in detaining the cotton on the way for several weeks, exposed to rain and other injuries, and not forwarding it at the first opportunity; and we are satisfied that the law was correctly given to the jury, and that the evidence was abundant to support the verdict that the motion for a new trial was properly overruled.

Whatever interest Mercer had in the result of the suit is believed to have been on the side of the defendant, and

hence could not have been introduced by him. (22 Tex., 660.) But this rule does not apply where the witness, as in this case, has been introduced by the party opposed to his interest.

We see no error in the proceeding in the cause, and the judgment must therefore be in all things

AFFIRMED.