Houston and Texas Central Railway Co. v. T. D. Harn.

1. Pleading—Common carrier.—In an action against a common carrier for failure to deliver articles shipped, to which the defendant pleaded a general denial and the loss of the articles by the act of God: *Held*, That the defendant could not prove under the pleadings that the plaintiff had released the contract for shipment of the articles, or that there was but a partial loss. Such defenses should have been pleaded.

2. Charge.—A party cannot, on appeal, complain of the failure of the court below to give a charge to the jury not asked by him, nor where the attention of the court was not called to its omission.

3. Common carrier.—An action will lie against a common carrier for the non-delivery of property at its destination, although partially injured, and that by act of God. Such defense, if the property had been tendered or delivered, would only have gone in mitigation of damages.

Appeal from Harris.    Tried below before the Hon. James Masterson.

Harn sued appellant as a common carrier, to recover the value of a buggy, harness, and cushions, delivered at Groesbeck, to be carried and delivered at Navasota, on the line of appellant's road.    The petition declares on the contract as evidenced by the bill of lading, and avers non-delivery and loss of the property by the negligence of appellant.

Defendant pleaded general denial and loss of the property by the act of God, and without fault of appellant.

On the trial it was shown that the buggy was shipped as alleged ; was placed on an open flat car and the wheels fastened by an iron strap across the felloe of each and nailed at each end.    One witness said the buggy "was poorly fastened ; that soon after it was placed on the car the wind changed from the south and a violent storm ensued, blowing down several houses in the village of Groesbeck, and blowing the buggy from the car and injuring it very much."    It does not appear that the buggy was ever moved.    The defendant offered to prove the damage was but $50 to $75, and

to prove a conversation between Harn and an agent of the railroad company, for the purpose of showing that Harn had released the railroad company from their contract to carry and deliver the buggy as stipulated in the bill of lading. The testimony, being objected to, was excluded because not pleaded, and no delivery or tender of the buggy had been proved.

Verdict and judgment for the value of the buggy. The railroad company prosecute their writ of error.

*Baker & Botts*, for appellant, cited 2 Red. on R. W., 8th ed., p. 185 ; Shaw *v.* S. C. R. W. Co., 5 Rich., 462; Michigan R. W. Co. *v.* Rivers, 13 Ind., 265 ; Muddle *v.* Stride, 9 Car. & Payne, 380; Clark *v.* Barnwell, 12 How., 280; Chevallier *v.* Strahan, 2 Tex., 115; Morgan *v.* Dibble, 29 Tex., 107.

*L. E. Conn*, for appellee.

MOORE, ASSOCIATE JUSTICE.—The court did not err in excluding the testimony offered by appellant to show the amount of damage which was done the buggy, and to excuse the failure to transport it to the place of its delivery. It is no doubt in general true, as urged by counsel for appellant, that where goods are merely damaged by casualty, for which the carrier is responsible, the owner cannot abandon them and go against the carrier as for a total loss, but is bound to receive the goods when tendered, and is only entitled to compensation to the extent of the injury done them. (2 Red. on R. W., 185; 13 Ind., 265.) But no proper predicate had been laid by appellant for the introduction of such testimony. It was not pretended that the buggy had been tendered to appellee, or that it had been carried by appellant to its place of delivery. And it was not alleged in the answer that appellee, by his acts or declarations, had discharged the contract of shipment and delivery at the point of destination, or waived a tender of

damages actually sustained. Appellee charges a breach of the contract, and an entire loss of the property through neglect and failure of appellant to deliver as contracted for in the bill of lading. If appellant desired to show that the buggy was merely damaged and not totally destroyed or lost, and that appellant was released from tendering it at the place where by the bill of lading it was to have been delivered, it was certainly necessary to set up these matters in the answer. The defense to which the testimony would apply, with any pertinency, was in the nature of a confession and avoidance, and should have been specially pleaded. It was not admissible under the general denial or special answer that the buggy had been lost by act of God without fault or negligence of appellee, which were appellant's only pleas.

As the property was merely damaged and not lost or destroyed, evidently appellant was subject to an action for its non-delivery, even though the damage resulted from an "act of God," for which appellant was not responsible. In view of these facts we could hardly reverse the judgment if it clearly appeared that the damage was occasioned by an act of this character, or if it clearly appeared that there was error in the instructions of the court in this particular. The defense, if appellant had delivered or proffered to de-deliver the buggy, would at most have only gone in mitigation of damages.

But aside from this view of the matter, we perceive no valid reason why the verdict against appellant on its answer alleging that the buggy was lost and destroyed by act of God, and not by reason of its negligence, should have been set aside. It is urged that the court failed to instruct the jury as to the nature and character of an "act of God," which relieves the carrier from responsibility, and without such instruction it is said the jury had no means of determining whether the evidence was sufficient to excuse appellant or not. But it has been often held that the mere omis-

sion of the court to properly instruct the jury in civil cases is no ground for a reversal of the judgment. It is the duty of the party who insist that a particular charge should have been given, to ask it.

The appellant has no just ground to complain of the instructions given by the court, and that asked by appellant was not applicable to the issue presented by the pleading, or warranted by the evidence submitted to the jury, and was properly refused by the court.

On the question of negligence in securing the buggy on the car, the testimony, to state it most favorably for appellant, was conflicting. And it cannot be said that it is so clearly shown by the evidence that the damage to the buggy resulted from " an act of God " as to relieve appellant from responsibility as a common carrier.

The court therefore did not err in refusing to set aside the verdict and grant a new trial.

The judgment is affirmed.

AFFIRMED.