## H. & T. C. R'y Co. v. R. C. Stewart & Co.

(No. 864, Op. Book No. 2, p. 594.)

ERROR from Travis County.    Opinion by QUINAN, J.

§ 1246. *Joinder of causes of action; pleading.* Stewart & Co. sued the H. & T. C. R'y Co., as a common carrier, for damages, setting forth in their petition four separate and distinct causes of action, viz.:  1. The conversion of one bale of cotton delivered to the company for transportation on November 4, 1876.  2. Overcharge of freight on nine bales of cotton.  3. Damage done to three buggies in transporting same; and 4. Discrimination in freight on one hundred and fifty bales of cotton delivered to the company for transportation. *Held*, that the special exception to the petition, because of a joinder of these several causes of action, was properly overruled. That a petition is multifarious is very seldom ground of exception.  There was no inconsistency in the joinder of the several matters charged.

§ 1247. *Who may sue for goods lost by carrier; special property in goods.*  Though in actions against a carrier for non-delivery or loss of goods or default in conveyance, the owner of the goods is ordinarily the person to demand compensation, yet one who has a special property in them, as a factor, or a special agreement for carrying them, may sue.  So the shipper in whose name the bill of lading is taken may sue, a privity of contract being established between the parties by means of the bill of lading.

§ **1248.** *Discrimination in freights; common carriers.*
One of the grounds of complaint in appellees' petition
was that in September, 1876, they delivered to the rail-
road company at Austin, to be transported to Houston,
for delivery to the G. H. & H. R. R. Co., certain cotton;
that plaintiffs were ready to pay $450 for such transporta-
tion, which was the price charged for like service when
the cotton was consigned to the H. Direct Nav. Co.;
that defendant refused to receive and deliver the cot-
ton to the G. H. & H. R. R. Co. at that price, but de-
manded $600 to so deliver it; that defendant charged only
$450 for delivering the same quantity of cotton to the
H. D. N. Co. at Houston, but when the cotton was con-
signed to any other consignee in Houston they charged
$600; that plaintiff was compelled, therefore, to ship his
cotton to the H. D. N. Co., and was thereby damaged,
etc. *Held,* the constitution of 1876 [art. XVI, sec. 25]
directed the legislature to pass laws to prevent unjust
discrimination in the rates of freight on railways, and
prohibited by its terms all drawbacks and rebatements of
freight to any common carrier, shipper, etc., or middle-
man of any kind. But these provisions did not prohibit
the H. & T. C. R'y Co. from charging a less rate of
freight for the delivery of cotton to the H. D. N. Co. than
to the G. H. & H. R'y Co., if that discrimination was
not unjust, and if it applied equally to all persons ship-
ping cotton to Houston and thence to Galveston. If the
rate of freight on cotton to be delivered at Houston was
the same to all persons, and if the rate to shippers by the
H. D. N. Co. was the same to all shippers, and was not
an unreasonable one, and more than by the G. H. & H.
R'y, the plaintiff has on that account suffered no injury.
At common law there is no reason why a carrier may
not charge less than what is reasonable to one person, or
even carry for him free of charge. [4 Com. B. N. S. 63.]
The principle of the common law applicable to common
carriers is stated to be: "It requires equal justice to all.
But the equality which is to be observed in relation to the

public and to every individual consists in the restricted right to charge, in each particular case of service, a reasonable compensation and no more. If the carrier confines himself to this, no wrong can be done and no cause of complaint afforded." [12 Gray, 393.] By the English Railway and Canal Traffic Act of 1854, undue and unreasonable preferences or advantages to individuals or companies were prohibited to carriers. That act was interpreted to apply to preferences in rates as well as other preferences. Yet it was held legal to carry at a less rate for persons who would guaranty larger quantities of freight, or the carriage to be for a greater distance. And the courts will not interfere if the arrangement will greatly promote the interest of the carrier without unreasonably prejudicing the public, though it may be disadvantageous to particular individuals. Our Revised Statute [R. S. 4257] providing against discrimination in rates of freight proceeds upon the same principle, not absolutely prohibiting discrimination, but unjust and unreasonable discrimination. The facts in relation to this ground of plaintiff's complaint constituted no cause of action.

§ 1249. *Damages; measure of, in suit for conversion of cotton.* The measure of damages for the conversion of the cotton was the value of it at the time of conversion. The claim is for the conversion of it. There was neither allegation nor proof of fraud in the taking. Interest might be allowed as punishment, but the ordinary rule is as stated. The measure by the highest market price at the day of trial has no application to the case. [21 Tex. 626; 30 Tex. 349; 46 Tex. 403; Ang. on Carriers, 482; Sedgwick on Dam. 355.]

March 30, 1881.                    Reversed and remanded.