Opinion by
Wirlson, J.

(Transferred from Austin.J

§ 342. Carrier; delivery by; acceptance of delivery by owner; rules as to; case stated. Plaintiff • in error received for transportation on its line of road, and contracted to deliver to defendant in error at Paris, Texas, a box containing household goods, the weight of 'the same at the time of shipment being four hundred pounds. The box was transported within a reasonable time to its destination, and defendant in error was notified of its arrival. Upon calling for the box, he found that it had been opened, and that a considerable portion of its contents had been abstracted. He was not permitted to take the box without paying full freight thereon for four hundred pounds, the weight of the box when shipped, and at the same time executing to the company a receipt in full for the box and its contents as shipped. He declined to take the box upon these conditions, but proposed to take it and pay the full freight, if the company would pay him for the articles which had been lost or damaged. This proposition the company refused to accept. He then proposed to take the box and pay freight on its actual weight, which was two hundred and thirty pounds. This proposition was also declined by the company at the time, but afterwards, whether before or after the institution of this suit does not appear, the company agreed to this last proposition, but the defendant in error then declined to take the box upon those terms. The *296 value of the goods shipped was proved, and that a considerable portion of them were missing, and that such as remained in the box were greatly damaged. Defendant in error recovered judgment for the value of all the goods shipped and for interest and costs. Held: The principal question to be determined in the case is the liability of the company for the value of all the goods, when a portion of them only was lost. Was the defendant in error bound to receive and pay freight upon the box and its remaining contents, or did he have the right, when he ascertained that some of the goods had been lost and the others damaged, to abandon those not lost, and recover the value of the whole? It is well settled that where a carrier fails to deliver goods within a reasonable time, such failure per se will not amount to a conversion, but is only a breach of contract, and the owner of the goods cannot refuse to receive them. [Scovill v. Griffith, 12 N. Y. 509; Robinson v. Austin, 2 Gray, 564; W. & W. Con. Rep. § 815.] But this is not the case of a failure to deliver goods within a reasonable time, unaccompanied by other circumstances. It is the case of a total failure to deliver a part of the goods, and an offer, upon conditions which were not reasonable, to deliver the remainder in a damaged condition. Such being the case, the defendant in error had the right to refuse to receive the remaining damaged goods upon any terms, and was entitled to recover the value of the whole, the same as if the box and its entire contents had been lost. By the contract of carriage the company was bound to deliver the box and its contents in good order and condition, as it was when received by it, and failing to do this, it cannot compel the owner to taire the box with only a portion of its contents, and that portion in a damaged condition. The undertaking to transport - the goods to a particular place' necessarily includes the duty of delivering them there safely, and, the carrier’s responsibility continues until a due delivery has been made or tendered. [Wait’s Act. & Def. 49 Adams v. Haught, 14 Tex. 243; R. R. *297 Co. v. Harn, 44 Tex. 628; R. R. Co. v. Adams, 49 Tex. 748.] ■
§ 343. Interest as damage; rule as to; measure of damage where goods are lost, etc., by carrier. It has been decided both by this court and our supreme court, that when property is lost or destroyed while in charge of a common carrier, the measure of damage is the market value of such property at the place of destination, and that interest in such case is not recoverable, ordinarily, as a part of the damages. [Fowler v. Davenport, 21 Tex. 627; Wolfe v. Lacy, 30 Tex. 349; W. & W. Con. Rep. § 1254; ante, § 196.] We very much doubt the correctness of these decisions when considered in the light of modern authorities. Mr. Field states the proper measure of damage, in a case like this, to be the value of the goods at the time and place where they should have been delivered, with interest. [Field on Damages, § 374.] Again, this author says, “interest is now generally allowed on the amount sustained by a breach of such contracts, as well as in cases of torts.” [Id. § 380.] Mr. Hutchinson says, “it is well settled that the measure of the damages for the loss of the goods by the carrier, when he is liable for such loss, is generally the value of the goods at the destination to which he undertook to carry them, with interest on such value from the time when the goods should have been delivered, deducting, however, the unpaid cost of transportation. [Hutch, on Carriers, § 769.] The texts above quoted are abundantly supported by numerous modern American decisions, and to our minds announce the just, reasonable and correct rule. But the rule announced in Fowler v. Davenport, supra, has uniformly been followed in this state, and we are unwilling to be the first to depart from it. But even this rule is not applicable where there is any fraud, delinquency or injustice on the part of the carrier. Where there is fraud, delinquency or injustice on the part of the carrier, interest may be allowed by way of mulct or punishment therefor. All the authorities agree upon *298 .this proposition. And this court, in a recent case, similar somewhat to this, refused to disturb a judgment which awarded interest as a part of the damages, because the defendant had delayed the plaintiff’s suit by promises to search for and deliver the lost goods. [Ante, § 273.] And in this case we shall not. disturb the judgment because it awarded interest, because of the unjust and unreasonable exactions made upon the defendant in error, when he demanded his goods. These exactions amounted in law to a conversion of the goods, and entitled him to a recovery by way of exemplary damages. [Ante, § 250.]
October 15, 1884.
Affirmed.