Opinion by
Wkite, P. J.
§ 512. Charge of the. court; rules of practice as to, in cases appealed from justice’s to county court; case stated. Appellee sued appellant in justice’s court to recover $150, the alleged value of certain articles of bedding, clothing, etc., shipped by her over appellant’s road and lost; and, also, to recover the further sum of $45, alleged to be the reasonable value of the use or rent of said articles. In the justice’s court she recovered judgment for the sum of $98. Appellant appealed to the county court, where, upon a trial ele novo, appellee’s judgment was reduced to $60, from which last judgment appellant prosecutes this appeal.
The only error relied upon by appellant for a reversal of the judgment is the action of the trial court in refusing to give in charge to the jury the following requested instructions, viz.:
“1. If the jury believe from the evidence that the bundle offered by the defendant to the plaintiff is the same, or a part of the same, bedding shipped by the plaintiff over the defendant’s road at the time claimed, then the plaintiff is bound to accept the articles tendered her, and can only recover for damages done said bedding, and for articles lost, if any were lost, and what damage the plaintiff may have sustained by reason of the detention of said bedding offered to be returned.
“2. The plaintiff cannot recover for the use of the articles absolutely lost, if any were lost, but the value of the articles is the sole measure of damages.
“ 3. The plaintiff cannot recover the value of the articles of clothing said to have been lost, she having shipped the same in a bundle as bedding, and without notifying the defendant that the bundle contained anything but bedding.
*460 “ 4. The measure of damage, if the plaintiff has shown that she has sustained damage, is the reasonable market value of the articles lost, at the time they were lost, with eight per cent, interest from the date of their loss, and the reasonable value of the use of the articles detained and offered to be returned, if any.
“5. The jury are the exclusive judges of the weight of the testimony and the credibility of the witnesses.”
On these charges the judge made the following indorsement: “Refused, because not believed to be the law, and because this is an appeal case from a justice of the peace court, in which case the county judge is not required to give a charge to the jury; the rules of practice, as applied by a justice of the peace, being also the rules of practice in the county court in the trial de novo.” No charge whatever was given the jury. As to proper practice concerning the charge of the court in a case brought up from a justice’s to the county court: Held, it is provided by statute, “ that the mode of proceeding on trial (in justice’s court) before the jury shall be the same, so far as applicable, as is prescribed for the district and county courts in the chapters relating thereto, except that the justice shall not deliver any charge to the jury.” [R. S. art. 1608.J This inhibition, in our opinion, applies alone to cases on trial in the justice’s court. It is limited in its terms to the justice’s court, and cannot be extended to embrace cases in the county court. After a cause reaches the county, court from the justice’s court, it is to be tried de novo on the merits, just as though it had originated in the latter court, and the practice governing in such case is the same. Parties, it is true, are not permitted to plead in such cases new causes of action or new defenses, not pleaded in the justice’s court [W. & W.'Con. Rep. § 239J, but with the exception of this restriction the trial is had as though the cause had originated in the county court. In the county court, with regard to the charge, the same practice is prescribed as for the district court. [R. S. ch. XII.] After the argu *461 ment the judge may, if he deems it necessary, deliver a charge in writing to the jury, on the law of the case. [R. S. arts. 1316, 1311.] Whether the charge is delivered by the judge of his own motion or not, either party may present special instructions, which, if they are refused, constitute a part of the record of the cause, and are subject to revision for error, without the necessity of taking any bill of exception thereto. [R. S. arts. 1319, 1320.] It follows, from the views expressed, that the second reason assigned by the judge for refusing the requested instructions is incorrect and not good in law. If the instructions requested are correct propositions of law and applicable to the facts, it was error to refuse to give them.
§ 513. Delivery of goods by carrier; tender of; rules as to. It is shown by the evidence that the goods claimed to have been lost were shipped by appellee from Brenham to a point on appellant’s road called Quarry, and consisted of a bundle of bedding and articles of clothing in the bundle. Appellant’s agent who received the goods for shipment had no notice that the bundle contained clothing, but received and shipped the bundle as bedding. About three weeks before the first trial of this case, another agent of appellant found a bundle of bedding at a station called Gay Hill, a place not far distant from Quarry. He tendered this bundle to appellee at Gay Hill, and she refused to receive it. Appellant’s first special instruction is evidently predicated upon this evidence in support of its plea of tender. Held: A valid tender is not established by the evidence. Even admitting that the bundle tendered was the same shipped by appellee, she was not bound to accept it at any other place than Quarry, the place of destination. “The consignee is entitled to receive his goods at the place where the carrier undertook and bound himself to deliver them, and is under no obligation to seek, demand, or receive them elsewhere.” [R. R. Co. v. Adams, 49 Tex. 748.] “An action will lie against a common carrier for the non *462 delivery of property at its destination, although partially injured, and that by the act of God.” [R. R. Co. v. Harm, 44 Tex., 628.] “It may be stated generally that every delivery must be made to the right person, at a reasonable time, at the proper place, and in a proper manner. These are all requisites of a valid delivery, except in so far as a compliance with them may be waived by the party entitled to the goods. If tendered to the proper person at an unreasonable time, at an improper place, or in an improper manner, he may still accept the goods, and, by so doing, he of course waives all objections which he might have urged against their acceptance under the circumstances, and acquits the carrier of all further liability. But if he refuse to receive them for any of these reasons, and it should turn out that the earner was in fault, such tender will not relieve him from his responsibility for the safety of the goods.”' [Hutch, on Carriers, § 340.] Appellant having failed to establish a tender valid in law, the court did not err in refusing the first requested charge.
§ 514. Measure of damages in action against carrier for goods lost, etc.; rules as to. The second requested instruction was properly refused, because, first, there was no evidence adduced of the value of the use of the articles lost; and second, the instruction limits the right of plaintiff to the value of the articles, as the sole measure of damage, without explaining how such value should be ascertained. As to some facts, this case is not unlike the case of the M. P. R’y Co. v. Hewitt, in which it is said, “the measure of damages in this suit is the fair market value of the goods lost, with legal interest thereon from the date when the goods should have been delivered.” [Ante, § 213.] The rule as to the measure of damages, in a case quite similar to this, where the articles lost were second-hand clothing, etc., is thus stated: “ The lost articles seemed to be of such a character, viz.,, second-hand clothing, books and table furniture, which had been used by the plaintiff, that they could not be said *463 to have to him a value at one place different from what they possessed at another. He could hardly have supplied himself in the market with goods in the same condition, and so exactly suited to his purposes, as were those of which he had been deprived. As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of the goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and family. . . . There can be no general rule laid down as to the value of secondhand goods, as compared to the value of those that are new; and any attempted rule on that subject would but tend to confuse the jury or cause them to find upon a different state of facts from that presented to them.” [R. R. Co. v. Nicholson, 61 Tex. 550.] If it had been otherwise correct, the second requested instruction was too general, and not sufficiently full and explicit. Nor was it error to refuse the fourth requested instruction, because the measure of damages therein stated is not the correct one when applied toN the facts of this case, as is shown by the foregoing extract from the opinion in the Nicholson case.
§ 515. Fraud, etc., of shipper in shipping goods; rules as to; facts which did not require a charge as to. A bill of exception was reserved by appellant to the action of the court in permitting appellee to prove the value of certain articles of clothing, claimed by her to have been wrapped up in the lost bundle of bedding; the objection to this evidence being that the bundle was shipped as bedding, and that bedding did not include clothing. Appellant’s third requested instruction also presented this question. In support of the exception and charge we are cited to the case of the Tex. Express Co. v. Scott, *464 ante, § 74. If it had been shown that the goods or clothing had been fraudulently placed in the bundle for the purpose of concealing their value, then, indeed, such fraud might operate to discharge the carrier from liability. The evidence in this case fails to disclose any imposition or fraud on the part of appellee. “ A mere failure on the part of the shipper to inform the carrier of the value of the goods shipped would not per se be such fraud as would discharge the carrier. . . . The party who sends the goods is not bound to disclose their value unless he is asked.” [Ante, § 74; Hutch, on Carriers, §§ 439, 440.] The court did not err in admitting the evidence objected to, nor in refusing the third requested instruction.
January 14, 1885.
§ 516. Refusal to give requested charge not error, when. The fifth requested instruction contains a correct proposition of law, but it was not reversible error to refuse it, especially when it was presented with a number of incorrect charges, constituting one entire charge. [W. & W. Con. Rep. § 1007; ante, § 447.]
Affirmed.