EX PARTE L. L. HILL.

No. 21946. Delivered April 1, 1942.
Appellant's Motion for Rehearing Overruled (Without Written Opinion) April 22, 1942.

The opinion states the case.

*Wm. H. Duls* and *John H. Bickett, Jr.,* both of Dallas, for appellant.

*H. L. Edwards,* City Attorney, of Nacogdoches, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

*E. B. Votaw,* City Attorney, and *David L. Broadus,* Assistant City Attorney, both of Beaumont, *Robert L. Sonfield,* of Houston, *Theodore Andress,* City Attorney, and *Hugh Q. Buck,* both of El Paso, amici curiae.

BEAUCHAMP, Judge.

Relator was charged in the Corporation Court of the City of Nacogdoches with violation of the terms of an ordinance of the city "passed by the city commission on the 12th day of February, 1941, levying a street rental tax against the Southwestern Bell Telephone Company for the use of the city streets with its poles and wires, known as the Street Rental Ordinance * * *." Appellant was the local manager of the company and the charge, as revealed by the agreed statement of facts, is

predicated on his failure to file the report of gross receipts of the company on its local business as a basis for the calculation of the amount due the city. To relieve him from the custody of the officer habeas corpus proceeding was instituted in the County Court in which the validity of the city ordinance in its various phases was attacked. The County Court found against the appellant and the appeal is from that order.

The various questions which may be raised attacking the validity of the ordinance have been extensively briefed in behalf of the Telephone Company and the City of Nacogdoches. The City of Beaumont, El Paso, and others, have filed exhaustive briefs, amicus curiae, developing a wide interest in the various questions raised relating to the city's power to pass the ordinance in question.

It appears that on March 7, 1939, the City of Nacogdoches passed an ordinance which was accepted in a formal way by the Southwestern Bell Telephone Company, whereby it was agreed that the company may continue to erect and maintain its poles, wires, anchors, cables, manholes, conduits, and other plant construction and appurtenances "in said city under regulations and restrictions and that the city shall receive an annnual payment and the right to use certain facilities of the telephone company, all as herein provided." In pursuance of this ordinance the company, during the years involved and continuously to the present, has filed with the city a report of the gross receipts of the corporation from its local business and paid to the city two percent of the gross receipts, as provided in said ordinance, and the city has continuously received and accepted such report and payment.

On February 12, 1941, the city passed another ordinance under which this prosecution arises, as hereinabove stated, which levied a charge of four percent on its gross receipts. On May 6th, thereafter, this ordinance was amended so as to reduce the amount of the payment from four percent of its gross receipts to two percent of same. If this second ordinance, as amended on May 6th, is valid, then it became the duty of the Southwestern Bell Telephone Company, on a fixed date, to file with the secretary of the city a sworn report showing the gross receipts of the company that were subject to the two percent tax therein levied. L. L. Hill, as the local manager, failed and refused to file such report and the company did not pay to the city the amount of two percent on such gross receipts.

Upon a hearing in the County Court these facts, including the terms and conditions of the ordinances of 1939 and of 1941 were introduced in evidence, together with other pertinent matter not necessary to recite in detail herein. After hearing before the County Court an order was entered refusing to discharge the petitioner and remanding him to the custody of Tom Drewery, Chief of Police of the City of Nacogdoches, from which order appeal is brought to this court for consideration.

The various briefs filed have comprehensively considered and ably discussed the various and varied decisions of the courts, State and Federal, from the time of the Dartmouth College case (1769) to the present and we are impressed with the fact that the interest of L. L. Hill has been lost, or completely overshadowed by the arguments, pro and con, involving the powers of the city in the field of regulation (or probably taxation).

It is incidentally necessary in the decision of many criminal cases to determine property rights. This is especially true in theft cases, embezzlement and many others. It is unusual, however, that a case be presented and considered by this court which primarily involves civil rights and in which a criminal charge is merely incidental, receiving no consideration whatever by the briefs filed. It is significant that no criminal case is cited by any brief filed and, so far as we know, the questions involved have never been before this court in a criminal case. We are, therefore, confronted with the duty of determining, first of all, just how far this court should go in considering the issues. It was unquestionably the intention of the framers of our Constitution that the Supreme Court should have exclusive final jurisdiction in civil matters and that this court, likewise, should have exclusive final jurisdiction in criminal matters. The decisions of each court must, of necessity, at times affect the holdings of the other in matters properly before each, but it has always been considered that civil matters should be only incidentaly treated by this court.

Tempting as it is, in view of the very interesting questions and able briefs filed herein, to write on the subjects which have been presented we, nevertheless, feel that we should go no further than to decide the one question involved and that is the right of L. L. Hill, as an individual, to be released from the custody of Tom Drewey, Chief of Police of the City of Nacogdoches.

We have been presented with what is denominated "Amended Original Brief by the City of Nacogdoches" by which it is conceded that the controlling question in the case is whether or not the city could contract away its future control and legislative powers over its public streets. Reliance is had on Bowers v. City of Taylor, et al, 24 S. W. (2d) 816, construing Article 1, Section 17 of the Constitution of the State of Texas, for the contention in this case that the City of Nacogdoches had no power in the enactment of Sections 8 and 9 of its franchise of March 7, 1939, to grant an irrevocable franchise to the telephone company; that said sections are invalid in that they attempt to contract away its legislative control over the public streets of the City of Nacogdoches for a period of five years. Our attention is also called to the case of City of Crosbytown v. Texas-New Mexico Utilities Company, 157 S. W. (2d) 418, holding that functions such as the exercise of police power by which it promotes or protects the general welfare, comfort and convenience of the people, etc., cannot be delegated by governmental bodies of the cities nor bartered away by any form of contract. We are of the opinion that the discussion of the latter case, while announcing correct principles of law, is not pertinent to the question raised in this appeal.

We may concede, without deciding, that the city has a right to revoke its contract of March 7, 1939, and, yet, the record reveals that it has not done so. It is sufficient for us to say that the City of Nacogdoches, by the passage of its ordinance of February 12, 1941, and the amendment of March 6, 1941, as well as its resolution of July 17, 1941, has wholly failed to amend, modify or repeal the former ordinance on the same subject either directly or by implication. The city has continued to accept reports and receive the payments under the previously passed ordinance and recognized its present existence. In our opinion, this fact precludes the City of Nacogdoches from the enforcement of the penal provision of the ordinace of February 12, 1941.

Having reached this conclusion, the duty of this court in a decision of the matter before us has been performed so that it will be improper to proceed with a further discussion on matters which might become material under future circumstances but which are not, under the record of this case, and the decision of which would not be binding upon either party in the courts of civil jurisdiction.

It being our conclusion that a criminal prosecution will not lie under the ordinance involved in the state of the record, the judgment of the trial court is reversed and relator is ordered discharged.