## JAMES LEE HILL v. STATE

No. 31,546. March 2, 1960

J. W. Reid of Reid & Reid, Abilene, for appellant.

Bill Thomas, County Attorney, Nelson Quinn, Assistant County Attorney, Abilene, and Leon Douglas, State's Attorney, Austin for the state.

WOODLEY, Judge

The appeal is from conviction upon a plea of guilty before the court to a multiple count complaint and information, for possession of beer in a dry area for the purpose of sale on August 29, 1959, with punishment by fine of $150; driving a motor vehicle upon a public highway while intoxicated, on or

about September 4, 1959, with punishment of 3 days in jail and a fine of $100; and possession of beer for the purpose of sale in a dry area on September 4, 1959, with punishment by fine of $150.

Two other counts alleged that appellant transported beer in a dry area on August 29, 1959, and on September 4, 1959.

On the day of the trial appellant filed motion for new trial and, it being overruled, gave notice of appeal and entered into recognizance.

The sole ground urged in the motion for new trial was that the judgment was contrary to the law and the evidence.

On appeal the sole ground for reversal is that the complaint and information were filed after the effective date of House Bill 190 enacted by the 56th Legislature (Art. 408a V.A.C.C.P.) providing that in charging any offense of the grade of a misdemeanor "not more than one offense may be charged or alleged in the same complaint, information or indictment."

The state contends that Art. 408a V.A.C.C.P. contains more than one subject, and is for that reason unconstitutional, Art. 3, Sec. 35, Constitution of Texas prohibiting such a bill.

The bill relates to the state's pleading in criminal cases. It provides first that where negligence enters into or is a part or element of any offense, or it is charged that the accused acted negligently or with negligence in committing an offense, the complaint, information or indictment must allege with reasonable certainty the act or acts relied upon to constitute negligence.

The second provision is that in charging any misdemeanor, not more than one offense may be charged or alleged in the same complaint, information or indictment.

The general purpose of the bill is to regulate the state's pleading in criminal cases. Both provisions relate to this purpose and the caption gives proper notice thereof. The statute does not contravene Art. 3, Sec. 35 of the Constitution of Texas.

It is also contended by the state that appellant waived any complaint as to the joinder of several criminal actions because

he failed to complain in the trial court and pleaded guilty to the three separate violations of law charged against him.

Art. 11 V.A.C.C.P. provides that the defendant in a criminal prosecution for any offense may waive any right secured him by law, except the right of a trial by jury in a felony case when he enters a plea of not guilty.

If, however, the state's pleading is in such form that a legal judgment of conviction could not be based on it, the defect is one of substance and the error is fundamental and may be raised for the first time on appeal. 5 Tex. Jur. 2d, Appeal and Error, Criminal Cases, Sec. 32.

The question for our decision is whether the requirements of Art. 408a V.A.C.C.P., that not more than one offense be charged or alleged in the same complaint, information or indictment, is a matter of substance which cannot be waived.

If so a defendant is precluded from agreeing to be tried for several offenses charged in a single complaint and information, though he so elects and thus avoids extra court costs, time, expense and inconvenience incident to several separate charges and prosecutions.

We have concluded that the requirement that but one offense be alleged relates to the form of the state's pleading and may be waived. Unless waived the statute is mandatory.

Appellant having pleaded guilty to the three misdemeanors charged, and not having attacked the complaint or information or otherwise complained in the trial court of being tried for more than one misemeanor under a single complaint and information, he waived his right to be separately charged and tried, and will not be heard to complain for the first time in this court that the new statute was not complied with.

The judgement is affirmed.