**The CITY OF HOUSTON, Texas, et al.,
Appellants,**

v.

**Mrs. J. A. SHOBER, Appellee.**

No. 7418.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 6, 1962.

Rehearing Denied Dec. 11, 1962.

R. H. Burks, Homer T. Bouldin, Houston, for appellants.

C. C. Divine, Houston, for appellee.

CHADICK, Chief Justice.

This is an appeal from a decree granting a temporary injunction ancillary to a declaratory judgment suit. The decree temporarily restrains the City of Houston from enforcing its penal ordinance No. 61–1444, and from interfering with the operation of Mrs. J. A. Shober's business known as Anchor Baths, pending trial of the suit on its merits.

The order granting the temporary injunction contained commonplace recitals, such as the cause coming on for hearing, the presentment of pleas to the jurisdiction and special exceptions, hearing the argument of counsel, and the denial of the pleas, etc. The paragraph preceding the decretal language of the Order reads as follows:

"After considering the pleadings, the evidence, and the argument of counsel, the court finds that the plaintiff, Mrs. J. A. Shober, is entitled to the relief prayed for and the application of plaintiff for temporary injunction is granted."

The City of Houston urges under its points of error Six and Seven that the injunction is void because the order does not "set forth the reasons for its issuance" as required by Rule 683, Vernon's Texas Rules of Civil Procedure. It is said in Transport Company of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, "We interpret the Rule to require * * * that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue". The above quoted finding does not conform to this test as it does not give the reasons why the trial judge believes the applicant's probable right would be endangered if the writ did not issue. It is meaningless, under the circumstances, to pursue the question further because the judgment must be reversed and the temporary injunc-

tion dissolved for reasons yet to be discussed.

■ The facts of this case are undisputed and the appellee does not contend that the facts support more than one conclusion. The constitutionality vel non of the City's Ordinance, No. 61–1444, a question of law, was the legal issue before the trial court. The appellee urges it as the only issue before this court. The trial judge was authorized to grant the temporary writ to maintain the status quo if Mrs. Shober's petition alleged a cause of action and the evidence adduced tended to sustain it. Southwestern Greyhound Lines v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W. 2d 263. This court may reverse the trial court's order only when a clear abuse of discretion is shown. Texas Foundries, Inc., v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460. If the pleading and evidence in this record presents a case showing the appellee has a probable right, and would probably suffer harm if the temporary writ did not issue it is this court's duty to affirm. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

■ In a recent case, Patterson v. City of Dallas, Tex.Civ.App., 355 S.W.2d 838, N.R.E., propositions of law were sustained substantially similar, if not identical, to those urged here by the City of Houston. In that case it was contended that an ordinance violated the state and federal Constitutional rights of a bathhouse owner, and discusses the constitutional questions at length. The Dallas Court of Civil Appeals concluded that the ordinance was a reasonable exercise of the city's police power and a valid and constitutional enactment. Since the ordinance considered in the referenced case is so nearly identical with Houston's Ordinance No. 61–1444, and the similarity of the attack made on both ordinances so nearly the same, a detailed discussion of the legal issues would be a useless repetition. Reference is made to the Patterson case for a discussion of the issues.

■ The Patterson case holds the ordinance concerned valid; so it must be held in the instant case that City of Houston Ordinance No. 61–1444 is likewise valid. It follows that the trial court's conclusion that Mrs. Shober should be protected from probable harm to her business due to the enforcement of an invalid ordinance is without legal support. A valid ordinance scuttles the basis for the temporary injunction entered by the trial court. See Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294, 295; State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272; State ex rel. Flowers v. Woodruff, 150 Tex.Cr.R. 255, 200 S.W.2d 178; Ex parte Hill, 144 Tex.Cr.R. 52, 160 S.W.2d 929; Malone v. City of Houston, err. ref. n. r. e., Tex.Civ.App., 278 S.W.2d 204; Stecher v. City of Houston, err. ref. n. r. e., Tex.Civ.App., 272 S.W.2d 925, and Bell Dental Laboratory v. Walton, n. w. h., Tex. Civ.App., 307 S.W.2d 342. The temporary injunction granted to Mrs. Shober is dissolved.