**Judy Mae CONNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35993.

Court of Criminal Appeals of Texas.

Oct. 9, 1963.

John A. Erhard, Robert C. Cox, Alfred L. Ruebel, Dallas, for appellant.

Henry Wade, Dist. Atty., Harryette Bercu and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted of violating Section 8–28 of the Code of Civil and Criminal Ordinances of the City of Dallas, which

makes it unlawful for a member of one sex to massage the person of the other sex. Punishment was assessed at a fine of $105.00.

Officer W. E. Perry, of the Special Service Bureau of the Dallas Police Department was the sole witness called by the State. He testified in substance that he went to the Slimette Massage Parlor in the city of Dallas, where the appellant, a female, agreed to give him an alcohol massage for $10.00. He was told to disrobe, which he did, and she began to give him a massage. The officer further testified that to his knowledge the appellant was not a chiropractor; a registered physical therapist; or a registered nurse.

■ Appellant presents four grounds, which she contends, require a reversal of this case. The first three attack the constitutionality of the ordinance (1) as a denial of equal rights under Art. 1, Sec. 3, of our State Constitution, Vernon's Ann.St.; (2) as a denial of due process of law under Art. 1, Sec. 19 of our State Constitution; and (3) as a denial of equal protection and due process of law under the fourteenth amendment of the Federal Constitution.

The State, in answer to these contentions, points to the opinions in Patterson v. City of Dallas, 1962, Tex.Civ.App., error refused, n. r. e., 355 S.W.2d 838, cert. denied, 372 U.S. 251, 83 S.Ct. 873, 9 L.Ed.2d 732, and City of Houston v. Shober, 1962, Tex.Civ.App., error refused, n. r. e., 362 S.W.2d 886. These two cases, one involving the same ordinance as here before us, reviewed the same contentions as presented here, and held the ordinances constitutional. While not bound by their holdings, we find them of persuasive force. In support of their conclusions, and the authorities they cite, we need add only some general citations: 12 Am.Jur., Constitutional Law, Sections 574 and 575; 16A C.J.S. Constitutional Law § 569(5); Interpretive Commentary, Art. 1, Sec. 3, Vernon's Annotated Texas Constitution, Vol. 1, p. 218; Interpretive Commentary, Art. 1, Sec. 19, Vernon's Annotated Texas Constitution, Vol. 1, p. 446; and see Anno. 17 A.L.R.2d 1183.

■ Appellant's next contention is that the complaint did not allege that the defendant was not a duly licensed physician, nor that she was not massaging the face as practiced by duly licensed beauty parlors or barber shops, both of these being specifically excepted from the ordinance by the definition of massage found in Section 8–12 of the Code of Civil and Criminal Ordinances of the City of Dallas. No complaint, in any form, was made of this point in the court below. It cannot be made now. Hill v. State, 169 Tex.Cr.R. 104, 332 S.W.2d 579; 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 29.

■ Finding the evidence sufficient, and no reversible error appearing, the judgment is affirmed.