Martin Wayne **MUNROE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 2–81–179–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1981.

Rehearing Denied Dec. 9, 1981.

Jerry J. Loftin, Fort Worth, for appellant.

Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

HUGHES, Justice.

Martin Wayne Munroe has appealed his conviction for aggravated robbery in which the jury assessed his punishment at ten years confinement in the Texas Department of Corrections. Munroe entered a plea of guilty and went to the jury for punishment. His appeal challenges only the time assessed by the jury.

We affirm.

Munroe urges only two grounds of error saying that the trial court should have granted a new trial because: (1) of misconduct of the jury in considering the effect of the parole law in assessing punishment; and (2) the jury received other evidence during their deliberations.

All five of the juror witnesses called by Munroe in his motion for new trial hearing testified to acts of jury misconduct while the jury was deliberating. The misconduct involved was that the jury members discussed parole and its effect on how much the punishment they assessed could be reduced. All testimony was as to conjectures of one-third or three-fourths reduction. One witness thought she heard someone say "a fourth". No one professed to *know* how much nor did anyone profess to know the law with respect to paroles.

Constance McDonald said the parole discussion by the jury caused her to accept the ten year verdict because the defendant would probably not serve the entire ten years.

Juanita Gerlach testified that the parole discussion did not necessarily influence her decision but that it was a consideration. The fact that the defendant would not have to serve the full prison term helped her "to come to ten years."

William Cottrell also said the parole discussion was a consideration plus his impression that they had to reach a decision in seven days or a mistrial would be declared.

William Mitchell said the parole discussion had nothing to do with his decision on the ten year sentence.

Curtis Bevington said the parole item entered into his deliberations, but that he knew about the parole factor before he went into the deliberation room.

█ The trier of the fact in a case such as this is necessarily the trial judge. *McIntyre v. State*, 587 S.W.2d 413 (Tex.Cr.App. 1979). We are concerned with whether or not he was warranted in denying Munroe's motion for new trial in light of the undisputed misconduct of the jury.

█ The circumstances of each case must be examined to determine whether the misconduct is reversible. *Moore v. State*, 535 S.W.2d 357 (Tex.Cr.App.1976). The circumstances of this case appear to us to sustain the trial judge. "[I]t is common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole. Consequently, the mere mention of this common knowledge would not constitute the receipt of other evidence, nor would a further discussion of it constitute receiving new evidence any more than discussion of any other matter of common knowledge by the jury." *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App.1975). The Heredia quote was also used in *Beck v. State*, 573 S.W.2d 786 (Tex.Cr.App.1978) where the question of parole, as here, was brought up several times. In *Beck*, as in this appealed case, no one professed to know the law. The misconduct in this case as to the one-third factor was a correct statement of the law. The three-fourths factor mentioned alternatively, while it is substantially inaccurate, would have favored Munroe since it would have inclined the jury to a shorter sentence.

Affirmed.