Otis JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–326–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Discretionary Review Refused
Dec. 8, 1982.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Janet S. Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction for murder. Punishment enhanced by one prior conviction was assessed at 50 years. Appellant complains in his last ground of error of the sufficiency of the evidence. Accordingly, a review of the evidence is necessary.

Testimony revealed that the deceased, Reginald Manley, was sitting on a parked car in the 3000 block of Anita in Houston, Harris County, Texas, with Anthony Adams, Van Bell, Forrest Bennett and Robert Winters at about midnight on the evening of September 13, 1979. Adams, Bell and Winters testified that the appellant, another man known to them as "Peanut" and another man named Lynn Houston drove up and parked the car they were in parallel to the car on which the deceased was sitting. Appellant was the driver of the car, "Peanut" occupied the passenger seat and Houston was in the back seat. Appellant got out of the car, walked around the rear of the car and demanded to know where his money was. The record indicates that this question was apparently directed at Bennett. Appellant testified that Bennett owed him one hundred dollars and Bennett testified that he had discussed the money owed appellant with him earlier in the evening. Bell and Bennett both testified that appellant was carrying a pistol in his right hand close to the side of his body as he came around the car. Bell testified that the appellant was visibly angry when he demanded his money. Bell, Bennett and Adams all testified that appellant and "Peanut" began shooting immediately after the demand for the money although there is

some conflict as to who initiated the shooting. Bell testified that appellant shot in the direction of Bennett while "Peanut's" gun was pointed in the direction of the deceased. Approximately eight shots were fired by the two men one of which hit the deceased in his left shoulder, chest and abdomen thereby causing his death. Testimony indicated that the appellant initially had his gun pointed in the air whereas "Peanut" leveled his gun at the group. Adams, Bennett and Bell fled after the first shots. Winters did not testify. There was therefore no testimony from anyone who actually witnessed the fatal shot. Appellant denied having a weapon although he did admit that "Peanut" had fired shots from the car. The jury was charged on the law of parties and found appellant guilty of murder. Appellant argues that the evidence failed to show that either appellant or "Peanut" shot the deceased. The evidence revealed that two distinct types of shots were fired; that appellant and "Peanut" were both seen firing weapons; and that the deceased was killed by a gunshot wound. Contrary to appellant's position, the evidence produced is so intertwined with the ultimate fact to be proven that the close juxtaposition rule applies making the evidence presented the equivalent of direct evidence of the shooting of Manley. *Adams v. State*, 588 S.W.2d 597 (Tex.Cr.App.1979); *Ales v. State*, 587 S.W.2d 686 (Tex.Cr.App. 1979). Since the parties acted together, it is immaterial which weapon caused the death of Manley. *Scott v. State*, 149 Tex. Cr.R. 4, 190 S.W.2d 828 (1945). The evidence was sufficient to sustain appellant's conviction. *See Romo v. State*, 568 S.W.2d 298 (Tex.Cr.App.1977); *Binyon v. State*, 545 S.W.2d 448 (Tex.Cr.App.1976).

Appellant complains in his initial three grounds of error of the indictment's joinder of the offenses of murder and possession of a weapon by a felon. Appellant complains of such joinder in the following three respects: 1) that Art. 21.24 Tex.Code Crim. Pro. (Vernon Supp.1982) does not allow such joinder; 2) that such joinder denied appellant due process of law and rendered his trial fundamentally unfair; and 3) that such joinder was made in bad faith.

We note at the outset that appellant filed no motion to quash the indictment nor voiced any objection to the indictment at the time of trial. An objection to improper joinder must be raised by motion to quash. A defect of joinder is not one of substance that can be attacked for the first time on appeal. *Hill v. State*, 169 Tex.Cr.R. 104, 332 S.W.2d 579 (1960). Moreover, it is well established that the State may allege, in a single indictment, two or more offenses in separate counts, if the offenses arise out of the same incident, act or transaction. *Koah v. State*, 604 S.W.2d 156 (Tex.Cr.App. 1980); *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). In this case, the offenses alleged arose from a single transaction. Art. 21.24 allows the joinder in one indictment of offenses arising from a single transaction, but permits multiple convictions on one indictment of only those offenses defined in Chapter 3 of the Penal Code. *Santoscoy v. State*, 596 S.W.2d 896 (Tex.Cr.App.1980).

Appellant next complains that he was denied due process because the joinder forced appellant to testify in order to show he did not have a weapon after the state showed he was a felon. We are unable to perceive how appellant was forced to testify in this case anymore than he would be called upon to controvert the state's evidence in any other prosecution. In any event, an indictment may contain as many counts charging the same transaction as is thought necessary to avoid a variance from the proof expected. *Ex Parte Easley*, 490 S.W.2d 570 (Tex.Cr.App.1972); *Rose v. State*, 427 S.W.2d 609 (Tex.Cr.App.1968). It does not appear that the indictment was in bad faith.

Appellant's grounds of error one through three are overruled and the judgment of the trial court AFFIRMED.