**William David POLK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–85–00461–CR.**

Court of Appeals of Texas, Dallas.

Feb. 12, 1986.

Rehearing Denied March 25, 1986.

Michael A. Klein, Dallas, for appellant.

Walter L. Irvin, Dallas, for appellee.

Before VANCE, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

Appellant was convicted of murder by a jury and sentenced to ninety-nine years imprisonment. The trial court entered a finding in the judgment that appellant had used or exhibited a deadly weapon in the commission of the offense. Appellant brings forward four grounds of error. We find no error warranting reversal but do find error requiring that the judgment be modified. As modified the judgment is affirmed.

The principal witness at trial was Benny Funderburk, a friend of the deceased and his family. Funderburk was at deceased's house on the day of the killing. Deceased sold alcohol and marijuana from this house, which is in a dry area of Oak Cliff. Twice that morning appellant and a companion came to the house, seeking beer and marijuana. Around noon Funderburk was using the deceased's telephone when he heard the doorbell ring and heard someone enter the house. He could not see who it was. Funderburk felt someone tap on his shoulder. When he turned, appellant struck him with a gun three times and told him to lie on the floor. Appellant tied Funderburk's hands with an extension cord and ordered him into the living room. There he saw appellant's companion holding the deceased with a gun. The companion took the deceased into another room, apparently to force the deceased to give the pair marijuana and money. Funderburk heard the sound of a scuffle. He saw appellant run into the room where the deceased was being held and then heard two shots fired. Funderburk was able to free himself from the extension cords and made his escape.

■ A conviction will be upheld upon review for sufficiency of the evidence where any rational trier of fact could have found every element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1974); *Carlsen v. State,* 654 S.W.2d 444, 448 (Tex.Crim.App. 1983). Appellant contends that there is no evidence that he fired the shots that killed deceased. Nevertheless, the evidence supports the conviction. The trial court charged the jury on the law of parties. The charge tracked the language of the Penal Code:

> A person is criminally responsible for an offense committed by the conduct of another if.... acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

TEX.PENAL CODE § 7.02(a)(2) (Vernon 1974). The evidence amply shows that appellant was, at minimum, a party to the offense. Under the circumstances, it was unnecessary to prove which assailant actually pulled the trigger. *See Barron v. State,* 566 S.W.2d 929, 932 (Tex.Crim.App. 1978); *Johnson v. State,* 644 S.W.2d 503, 505 (Tex.App.—Corpus Christi 1982, no pet.).

■ Appellant's third ground of error pertains to a notebook or tablet that appellant kept in order to assist his attorney at trial. Appellant and his attorney were given access to the jury room to confer. Apparently, after one such conference the notebook was left behind and remained in the jury room.

The jury brought this to the judge's attention and he conducted an on-the-record inquiry. He questioned three jurors specifically. Two jurors stated that they had not read the contents of the notebook. The third juror said that she had read a small portion at the beginning. The other nine

jurors, questioned together, all indicated that they had not read any of the tablet's contents.

The trial court is the trier of fact of issues involving jury misconduct. *Munroe v. State,* 624 S.W.2d 688 (Tex.App.—Fort Worth 1981), *rev'd on other grounds,* 637 S.W.2d 475 (Tex.Crim.App.1982). The court's decision will not be overturned absent an abuse of discretion. *Jones v. State,* 596 S.W.2d 134, 138 (Tex.Crim.App. 1980). We perceive no abuse of discretion. The trial court's inquiry revealed that only one juror had any knowledge of the notebook's contents and that juror had read only one paragraph. The trial court properly instructed all jurors to disregard the notebook. We further note that the portion read contained no prejudicial material. The circumstances presented to the trial court did not merit a mistrial. *See Barrington v. State,* 594 S.W.2d 88, 90 (Tex. Crim.App.1980) (trial court did not err in failing to grant mistrial based on juror's reading of newspaper account where jurors stated that reading of newspaper did not influence them).

■ In appellant's fourth ground of error, he complains of witness Funderburk's in-court identification. He argues that the identification was tainted by Funderburk's original identification of appellant during a photographic line-up and that the line-up was, in turn, tainted by the police investigator's selection of photographs to display along with appellant's photograph, all be-·cause the selection was allegedly based on hearsay information.

We find no merit in appellant's contentions. There is no reason why the police investigator's selection may not be based on hearsay. The use of hearsay information has been upheld in other contexts. *See Hennessy v. State,* 660 S.W.2d 87, 91 (Tex.Crim.App.1984) (probable cause needed to support search warrant may be based on hearsay). The circumstances surrounding the line-up do not show a situation "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *Stovall v.*

*Denno,* 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The evidence shows that witness Funderburk saw appellant three times on the day of the offense under conditions conducive to impress appellant's appearance upon the witness. The photographic line-up contained six photographs, all males of about the same age. In previous line-ups, the witness had never identified anyone else. The photographic identification occurred about a month after the offense. Taken as a whole, the "totality of the circumstances" shows a procedure that was not impermissibly suggestive. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ Appellant's second point of error is directed at the inclusion in the judgment of the statement: "By its Verdict, The Jury made an Affirmative Finding that the Defendant did Use and Exhibit a Deadly Weapon in the Commission of Murder, with a deadly weapon, to wit: a firearm." Appellant contends that this finding was improperly made. We agree.

What constitutes an "affirmative finding" of the use or exhibition of a deadly weapon was recently clarified in *Polk v. State,* 693 S.W.2d 391 (Tex.Crim.App.1985). The finding is made in one of three ways:

(1) the deadly weapon or firearm has been *specifically* pleaded *as such* (using the nomenclature "deadly weapon") in the indictment (applies where the verdict reads "guilty as charged in the indictment.");

(2) when not specifically pleaded as a deadly weapon or firearm, the weapon pleaded is per se a deadly weapon or a firearm; or,

(3) a special issue is submitted and answered affirmatively.

*Polk,* 693 S.W.2d at 396 (emphasis in original).

At first glance, the instant case would seem to fall into the first category—a proper affirmative finding. However, the injection of the law of parties into the case

creates complications. This situation is addressed in *Travelstead v. State*, 693 S.W.2d 400 (Tex.Crim.App.1985), a companion to *Polk*, 693 S.W.2d at 391.

In *Travelstead*, the defendant was indicted for causing the death of the deceased by "shooting him with a gun." The evidence showed that defendant was not the trigger man in the offense but did act to further the deceased's murder. The trial court charged the jury on the law of parties. The trial court entered an affirmative finding of use of a deadly weapon based on the jury's verdict of guilty as charged in the indictment.

The Court of Criminal Appeals held that the defendant himself must have used a deadly weapon in order to obtain an affirmative finding. *Id.* at 402. Conviction as a party does not suffice to impute the trigger man's use of a weapon to the party.

In the case before us, the court charged the jury on the law of parties. The jury was free to convict appellant either as the individual firing the fatal shots or as one criminally responsible for the acts of another.

Under *Travelstead*, this does not amount to a proper "affirmative finding." That part of the trial court's judgment must be deleted. As modified, the judgment is affirmed.