NUMBER 13-00-033-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


NANCY OCHOA A/K/A LILIAN HERNANDEZ, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 94th District Court


of Nueces County, Texas.


___________________________________________________________________


 MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 A jury convicted appellant, Nancy Ochoa, of aggravated assault,(1)
and assessed her punishment at fifty years imprisonment. As this is a
memorandum opinion not selected for publication and the parties are
familiar with the facts, we will not recite them here. Tex. R. App. R.
47.1. 

 By one issue, Ochoa complains that the trial court erred in failing
to suppress identification testimony because the identification resulted
from an impermissibly-suggestive pretrial procedure. Ochoa claims that
the photo array of six women was suggestive because her photo in the
array looked most like a male. She asserts that the combination of
Esquivel, an eyewitness, being told the suspect was a woman, not a
male, and his viewing of this suggestive photo array, tainted his out-of-court identification of appellant and his in-court identification. We
disagree and affirm the judgment of the trial court.

 An in-court identification is inadmissible when it has been tainted
by an impermissibly-suggestive pretrial photographic identification. See
Ibarra v. State, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999). In
determining admissibility, the trial court looks to the totality of the
circumstances surrounding the lineup to determine if they show a
procedure so unnecessarily suggestive and conducive to irreparable
mistaken identification that the defendant was denied due process of
law. See Polk v. State, 710 S.W.2d 610, 612 (Tex. App.--Dallas 1986
pet. ref'd). Reliability is the linchpin in determining the admissibility of
an identification. See Ibarra, 11 S.W.3d at 195; Loserth v. State, 963
S.W.2d 770, 772 (Tex. Crim. App. 1998) (citation omitted). "If the
totality of the circumstances reveals no substantial likelihood of
misidentification despite a suggestive pretrial procedure, subsequent
identification testimony will be deemed 'reliable'. . . ." Ibarra, 11
S.W.3d at 195 (citations omitted).

 In assessing reliability under the totality of the circumstances, the
following five non-exclusive Biggers factors should be considered de
novo by the reviewing court and weighed against the corrupting effect
of any suggestive identification procedure:

 1. the witness's opportunity to view the defendant;


 2. the witness's degree of attention;


 3. the accuracy of the witness's description;


 4. the witness's level of certainty at the confrontation;
and


 5. the length of time between the offense and the
confrontation.


See Loserth, 963 S.W.2d at 773 (citing Neil v. Biggers, 409 U.S. 188,
199 (1972)); Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App.
1988) (citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977)). When
a reviewing court finds a lineup suggestive, it should consider the five
Biggers factors as issues of historical fact and give almost total
deference to the trial court's ruling considering the evidence relative to
those factors in the light most favorable to the trial court's ruling. See
Ibarra, 11 S.W.3d at 195; Loserth, 963 S.W.2d at 773-74.

 Ultimately, an in-court identification is admissible if the ability to
identify has an origin independent from the pretrial procedure. See
McFarland v. State, 928 S.W.2d 482, 507 (Tex. Crim. App. 1996);
Zepeda v. State, 797 S.W.2d 258, 260 (Tex. App.--Corpus Christi 1990,
pet. ref'd). The better practice is to use photographs which portray
persons whose every features match, but neither due process nor
common sense require such procedure. See Ward v. State, 474 S.W.2d
471, 476 (Tex. Crim. App. 1971). 

 We have reviewed State's pretrial exhibit number 1, the
photographic array shown to Esquivel. It contains photographs of head
shots of six females. The young women are of comparable age. All
have very short, dark hair and dark eyes. None of the females is
wearing feminine clothing or makeup. Only Ochoa appears to be
wearing an earring. The assertion that Ochoa looks more like a male
than any other photo in the array is, in our view, exaggerated. When
presented with these pictures, Esquivel picked Ochoa's photo as the
person who did the shooting. We conclude there is nothing remarkable
about the photographs that suggests a procedure that was
impermissively suggestive.

 Even assuming the photographic lineup was impermissively
suggestive, we cannot say there was a substantial likelihood it caused
a misidentification. The factors from Biggers weigh in favor of
Esquivel's independent in-court identification untainted by the
photographic lineup and the comments regarding the gender of the
shooter. Esquivel testified he had some five to ten minutes to view the
shooter "when the shooting went on," and that the street was then
lighted by post lights. He stated that the person who shot the victim
was less than five feet away when the shooting occurred. Esquivel was
able to give a description of the suspect which was detailed and
generally accurate as to appearance, but inaccurate only as to gender. 
Esquivel stated that he picked out Ochoa's photo on his own. Officer
Ralph Lee testified to the certainty Esquivel displayed at the time he
chose Ochoa from the photo lineup. It took Esquivel less than fifteen
seconds to pick out Ochoa's photograph. Finally, only a day had
passed between the crime and the photo identification. Under the
totality of the circumstances, we conclude there was no substantial
likelihood of misidentification.

 Viewing the evidence in the light most favorable to the trial court's
ruling, our de novo review reveals that the photographic lineup and
comments regarding the gender of the shooter were not impermissibly
suggestive such that they would influence the pretrial identifications
made by Esquivel. Even if they were, we conclude that no substantial
risk of irreparable misidentification was created so as to deny appellant
due process. See Ibarra, 11 S.W.3d at 195. We conclude the trial court
properly allowed the admission of the identification testimony. Ochoa's
sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 12th day of April, 2001.

 

1. See Tex. Pen. Code Ann. § 22.02 (Vernon 1994).