## J. W. TAUL v. J. L. SHANKLIN.

(No. 1870, Op. Book No. 2, p. 409.)

APPEAL from Lamar County. Opinion by QUINAN, J.

§ 1135. *Right of appeal from county court; amount in controversy; reconvention.* The right of appeal from the county court to the court of appeals is not limited by the amount of the judgment appealed from. The right exists when the amount in controversy exceeds one hundred dollars, although the judgment appealed from may be for a less amount. Taul sued Shanklin in justice's

court for rent amounting to $74.26.   Shanklin pleaded in reconvention for damages to the amount of $200, and the judgment of the county court on appeal from justice's was in favor of Shanklin for $75.   The amount in controversy in the case was $200, made so by the plea in reconvention.   The case comes within the provision of article 1382, Revised Statutes.   The legislature, as it had power to do [Const. art. V, sec. 22], changed the jurisdiction of the county court, so that its judgments on appeal from justices' courts are not final when the amount in controversy is $100, and they have conformed the jurisdiction of the court of appeals thereto.

§ 1136. *Reconvention; plea in.*   In a suit to recover rent of premises, defendant pleaded in reconvention damages sustained by him because of the failure of plaintiff to make a lawful fence around the premises, as he had obligated himself to do in the renting contract.   There was no exception to the plea for want of specific allegations of damages, but only that "the same was not the subject of a plea in reconvention in this case."   *Held*, 1. This claim arose out of, and was incident to and connected with, the plaintiff's cause of action, which was for rent of the premises.   [R. S. 650.]   2. The plea in reconvention, there being no special exceptions made to it, was sufficient to authorize proof of damages done by stock to defendant's corn and cotton by reason of the absence of the fence, although these particular damages were not alleged.

§ 1137. *Contributory negligence; charge of the court.*   The charge of the court that "if the defendant, by his own acts of negligence or carelessness, contributed to the damages, you will find against him," was a correct instruction, and sufficient upon that subject.   If it was not sufficiently full and pointed in the opinion of the appellant, he should have asked further instructions, which having failed to do, he has no cause to complain of the charge as given.

§ **1138.** *Fences; duty of lessee to keep in repair.* In the absence of any special agreement to the contrary, the law fixes upon the lessee of rented premises the obligation to keep the fences around the same in repair during the term of the lease. [Tyler on Boundaries and Fences, 510.]

§ **1139.** *Damages; measure of, in action for injury to crops.* Where the damages claimed are for injury done to crops, to estimate what amount of crops the complainant would have made had the injury not occurred, and that consequently he was damaged to the extent of that which he did not make, because of such injury, is altogether too remote and speculative. It makes no account of worms, wet weather, storms, drouth, want of labor, or the fluctuating prices of the crops. The damages properly recoverable in such case must be the natural and proximate consequences of the act complained of as injurious. What amount of crops the complainant would have made without the injury is conjectural. The damage, except when vindictive or exemplary may be given, is confined to the actual loss sustained, which, in this case, would be the value of the crops at the date of their destruction, so far as they were destroyed. [Gresham v. Taylor, 51 Ala. 506.] The judgment of the court below was held to be unsupported by the evidence.

June 8, 1881.                    Reversed and remanded.