## TRISTAN LONGORIA V. THE STATE.

### No. 4192.   Decided October 18, 1916.

**1.—Theft of Cattle—Indictment—Pleading.**

Where the indictment was in two distinct counts, one for theft of cattle and the other for receiving them, and followed approved precedent, the same was sufficient.

**2.—Same—Sufficiency of the Evidence—Circumstantial Evidence.**

Where, upon trial of theft of cattle, the evidence was entirely circumstantial, but sufficient to sustain a conviction, there was no reversible error.

**3.—Same—Verdict—Different Counts in Indictment.**

Where, upon trial of theft of cattle and also receiving them, the court submitted both counts in the indictment, and the jury found a general verdict of guilty, and the court applied the verdict to the theft count, and the defendant did not object thereto until he filed his motion for new trial, and the evidence sustained the count for theft, there was no reversible error.

**4.—Same—Pleading—Indictment—Same Transaction.**

Where the two counts in the indictment, one for theft of cattle and the other for receiving them, were for the same transaction, the same is correct pleading.

**5.—Same—Stenographer's Report—Statement of Facts.**

This court is restricted to a consideration of the approved statement of facts, and bills of exception as contained in the record, and can not consider the stenographer's report of the case on file with the papers.

**6.—Same—Evidence—Other Transactions.**

Upon trial of theft of cattle, there was no reversible error in permitting the district attorney to interrogate the State's witness as to another bunch of cattle found on defendant's ranch some time after the theft of the alleged cattle which also appeared to have been stolen; especially as the court withdrew all this testimony and instructed the jury not to consider it for any purpose whatever.

**7.—Same—Rule Stated—Other Offenses—Circumstantial Evidence.**

If the proof of another offense connects or tends to connect, the defendant with the alleged offense for which he is being tried, or when it tends to defeat his defensive theory, such evidence is admissible, although it tends to prove another distinct crime. This is the rule when it is sought to show the guilt of the defendant by circumstantial evidence, and it was, therefore, no error to admit testimony of these additional cattle on defendant's ranch with the brands so changed as those on the stolen cattle; besides, the error, if error, was cured by the withdrawal of such testimony. Following Miller v. State, 185 S. W. Rep., 29.

**8.—Same—Impeaching Witness—Bill of Exceptions—Predicate.**

Upon trial of theft of cattle, there was no error in permitting the State, after laying the proper predicate, to impeach one of the defendant's witnesses by showing that he made different statements of what he testified to upon trial; the court properly limiting such testimony.

**9.—Same—Argument of Counsel—Practice on Appeal.**

Where State's counsel argued upon the admissibility of certain testimony to the trial judge, and no request was made to withdraw such argument, there was no reversible error.

Appeal from the District Court of Brooks. Tried below before the Hon. V. W. Taylor.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Wilson* and *Pope & Sutherland,* for appellant.—On question of admitting in evidence other transactions: Welhausen v. State, 30 Texas Crim. App., 623; Schwen v. State, 37 Texas Crim. Rep., 368; Haney v. State, 57 id., 158; Davenport v. State, 89 S. W. Rep., 1077; Bink v. State, id., 1075.

On question of argument of counsel: Bearden v. State, 46 Texas Crim. Rep., 144; Davis v. State, 54 id., 236.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the theft of thirty-seven head of cattle and the lowest punishment was assessed.

The indictment was in two distinct counts. The first was for the theft of said cattle, and the second was for receiving them, knowing them to have been stolen, etc. Each count follows the approved forms and the statute, and each was clearly sufficient. Appellant made a motion to quash the indictment on the sole ground that neither count charged any offense under the law. The court correctly overruled his motion to quash.

We have carefully read and studied the testimony. His conviction was based upon circumstantial testimony alone. In our opinion, it was amply sufficient to sustain the conviction. We see no necessity of reciting it.

The court in his charge submitted both counts for a finding in proper and correct charges, to which there was no objection. Appellant in no way sought to have the State to elect upon which count a conviction was sought. The verdict of the jury found appellant guilty "as charged in the indictment." The court applied it to the theft count. At the time, appellant in no way either objected to the verdict or the application of it, as stated; but two days thereafter he, by motion, sought to arrest the judgment, which was contested by the State, claiming that because the verdict itself did not specify under which count they found him guilty, it was, therefore, "impossible in fact and in law and means nothing and is void"; which the court overruled.

In our opinion, the evidence was insufficient to sustain a conviction for receiving the stolen property knowing it to have been stolen, but as stated, it would amply sustain the theft by appellant of the property. The doctrine, therefore, of applying the verdict by the court, which was done, to that count of the indictment which the evidence sustained, was clearly correct. Section 902, White's Ann. C. C. P., where Judge White collates and cites a large number of cases from this court and the Supreme Court. We deem it unnecessary to copy here the said cases by Judge White and many others later to the same effect. The doctrine and application of it is too clear to need discussion.

The two counts were for the same transaction or offense. Such pleading is not only expressly authorized by our statute, article 481, C. C. P., but has always been commended by this court. Secs. 402-403, White's Ann. C. C. P.

It seems appellant's attorneys have the idea that this court can refer to and consider the stenographer's report of the case, for they frequently refer to it in their brief, and we find such document on file here with the papers of this cause. This is a mistake. This document in no way bears the approval of the trial judge, nor is it agreed to by the attorneys for either side. We are restricted to a consideration of the statement of facts agreed to and approved by the trial judge and the bills of exception as contained in the record and acted upon by the judge.

Appellant's first bill shows that while McMurray, a State's witness, was upon the stand, he testified in answer to the district attorney's questions that he had seen on appellant's ranch another bunch of cattle with the old brand of the owner, Jones, burned into that of appellant other than a part of which had been driven home, and that he objected to this. The court in passing upon this bill stated that he never overruled appellant's objections to this testimony. It seems that he made no ruling at all at the time.

His next bill is to the continued testimony of this same witness along the same line, which was to the effect that he did not remember the exact day in which he saw these additional cattle on appellant's ranch and that in addition to the said twenty-four head he had seen others with said burned brand on the owner's ranch. That they did

not rope any of these additional cattle but did some of the twenty-four head, and he was asked when he saw them on appellant's ranch, and he replied that he did not remember the exact date. The court refused this bill in effect by stating that appellant made no objection.

By his next bill he shows that the district attorney in arguing before the judge the admissibility of this testimony, to which he objected, in effect stated that it was material and had a good deal to do with the case and that by the questions he was seeking to fix the date. The court in passing upon this bill states that appellant made the objections to the question and statement of the district attorney, but that no request was made to instruct the jury not to consider said statement by the district attorney.

By the next bill he shows that the answers of the witness to the district attorney's further questions developed the fact that it was about fifteen or twenty days after appellant was arrested on June 1st in this case—before he saw these other cattle inquired about. Thereupon, whether of his own motion or upon that of the district attorney is not disclosed, but at any rate the court withdrew all that testimony and instructed the jury not to consider it for any purpose whatever.

In order that the question may be better understood, we briefly state what the evidence disclosed along this line. On or about January 20, 1915, appellant had thirty-seven head of cattle penned near his house on his ranch. The cattle consisted of one young calf, another a little older, other cattle one and two years old, and then some cows still older, and three bulls. That these cattle belonged to the alleged owner, Jones, and were stolen from him. That on January 20th appellant sold and delivered said thirty-seven head to Mr. Lane. The cattle, except the two calves, were originally branded in Jones' brand and marked in his mark. His brand was VI. That just recently before appellant sold and delivered them to Lane, the brand had been changed by burning Jones' brand into that of appellant. The burning consisted in attempting to run a bar from the right hand top of the V to the bottom of the I, thus making a W and a J lying flat above it, this JW brand being appellant's. That when these burned brands were discovered some time after the said sale to Lane by appellant, Jones and some of his employees on his ranch from which the cattle had been stolen, with others went to Lane's and clearly identified twenty-four of the thirty-seven head at that time as the stolen property of Jones, and thereupon the twenty-four head were delivered to him, and he had them driven to his ranch home whence they had been stolen. Later, shortly afterwards, Jones procured from Lane eight additional head of these thirty-seven head of stolen cattle. It was cattle in addition to these thirty-seven head that the district attorney was by inquiries of this witness attempting to show were on appellant's ranch with Jones' brand burned and changed into that of appellant. Even though, by further probing, it was ascertained that it was a few months after the sale of the thirty-seven head to Lane that the witness saw

these additional cattle on appellant's ranch with the brands so changed, we are inclined to believe that such testimony was admissible—that the time he saw them there was not too remote to permit its proper admission.

As stated, the testimony in this case was wholly circumstantial. Appellant's defense was that the cattle he sold Lane were cattle that he and his father had raised and at no time were Jones' cattle, and that those delivered to Lane had not had the brands burned ·on them as established by the State's testimony. The authorities are to the effect that when it is sought to show guilt of an accused by circumstantial evidence, if the proof of another offense connects or tends to connect him with the alleged offense for which he is being tried, or when it tends to defeat his defensive theory, such evidence is admissible, although it tends to prove another distinct crime. Sec. 2347, 2 Branch's Ann. P. C. But whether the evidence in this instance was admissible or not, when it developed that it was some months after said sale by appellant to Lane of said thirty-seven head of cattle, the court excluded it and peremptorily charged the jury, as stated, not to consider it for any purpose. This cured any error if there was error in its admission. Kinney Miller v. State, 79 ·Texas Crim. Rep., 9, 185 S. W. Rep., 29, and authorities there cited.

Appellant's fifth bill is not approved by the judge—hence can not be considered; but even if it had been approved, it would present no error, for it and the next bill show that he complained because the court, after laying the proper predicate as to one of appellant's witnesses, permitted the State .to impeach him by proving statements by him the reverse of what he testified on this trial. This is always permissible. The court in his charge explained to the jury that it was admitted solely for the purpose of impeaching, if it did, the defendant's witness, and that they could consider it for no other purpose whatever.

The judgment is affirmed.

*Affirmed.*