## W. R. McCULLOUGH LIFE INS. CO. v. ARMSTRONG.

### No. 14329.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 23, 1942.

John M. Barron, of Bryan, for appellant.

G. R. Lipscomb, of Fort Worth, for appellee.

McDONALD, Chief Justice.

Plaintiff, a resident of Tarrant County, brought this suit to recover on a policy of insurance issued by defendant, which is a local mutual aid association, organized and operating under the provisions of Acts 1929, 41st Leg., p. 563, Ch. 274, Vernon's Ann. Civil St., Art. 4875a, which will be hereafter referred to simply as Art. 4875a. Defendant filed its plea of privilege, seeking to remove the case to Brazos County, where its home office was located. The plea was overruled, and defendant appealed.

There apparently being no contest about the facts that defendant has its home office in Brazos County, that the insured was killed in Anderson County, and that defendant has no agents in Tarrant County, venue is sought to be maintained in Tarrant County by reason of the fact that plaintiff resides in Tarrant County, under the provisions of Article 1995, Section 28, which provides: "28. Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and

586

accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Defendant urges that Section 28 is not applicable to suits against insurance concerns organized and operating under the statute above cited, Art. 4875a, because of Section 24 of such statute, which provides: "* * * Except as herein provided, such association shall be governed by this law and shall be exempted from all provisions of the insurance laws of this State. No law hereafter enacted shall apply to them unless they be expressly designated therein."

In support of its theory, defendant argues that, prior to the revision of our statutes in 1925, what is now Section 28 of Article 1995 was Section 33 of Article 4744, Rev. Civ.St. 1911, which was a part of the general law regulating old-line insurance companies. Defendant argues that Section 28 of Article 1995, of the 1925 revision of the statutes, must be treated as a general insurance law, and not as a mere venue statute, and is therefore not applicable to local mutual aid associations operating under Art. 4875a. It is argued that the revision of the statutes in 1925 did not change their purpose, meaning or effect, and that the same construction must be placed upon them after the revision as before.

■■ In our judgment the opinion of Chief Justice Cureton, in American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019, 1025, although cited by defendant, is decisive authority against the contention made here. It is there said that the citizen need not look to all the Session Acts of the Legislature which preceded the revision of the statutes in order to ascertain the law. We quote from the opinion: "But the Revised Statutes, as we have seen, are the law, and are to be looked to with safety and confidence by the citizen; nor need one, under the rules of construction shown in the authorities cited, look into the original acts, except to explain ambiguities in the Code. The Revised Statutes of this state, when once adopted, become the entire law on the subjects they purport to cover, unless specially excepted * * *." Article 1995, in the revision of 1925, purports to cover the general subject of venue. There are no provisions relating to venue in Article 4875a; which was passed four years after the 1925 revision of the statutes. It is evident to our

minds that the Legislature, looking to the Revised Statutes of 1925, and not to the preceding Session Acts of the Legislature, intended that these concerns should be governed by the provisions of the general venue laws contained in Art. 1995, because that article of the statutes, to paraphrase Justice Cureton's language, was the entire law on the subject it purported to cover, which included the venue of suits on policies of life insurance.

The judgment of the trial court is affirmed.