Anthony Chris DRAKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 148–84.

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1985.

**936**

Bruce L. Roberts, Waco, for appellant.

Vic Feazell, Dist. Atty., Dennis Green, Robert Pandak and Kenneth R. Bennett, Asst. Dist. Attys., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In the criminal law jurisprudence of this State a first principle is that in every criminal action tried before a jury the verdict must be "general," and if the plea is not guilty the jury must find that the accused is either guilty or not guilty; regardless of allegations in a charging instrument, a consequence of a general verdict of "guilty" is a judgment of conviction of but one offense and imposition of but one sentence. Today, we decide whether that principle and its consequence remain valid.

In a three count indictment, appellant was charged in paragraph I of count I with the attempted capital murder of Police Officer Benton Thurman; paragraph II of count I alleged a deadly assault upon Officer Thurman; count II alleged the attempted capital murder of Officer Jimmy Stone; count III, paragraphs I and II, alleged the offenses of burglary of a building and felony theft. Following these counts, the indictment alleged that the offenses were all separate offenses and were offenses which were committed by appellant "as part of the same *criminal episode* or transaction." [1]

All the charges were tried together in one jury trial. Prior to the submission of the case to the jury, the State abandoned all counts and charges alleged in the indictment except the charges of attempted capital murder against the two officers. The jury found appellant guilty of both offenses and assessed punishment at confine-

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-

cated.

ment in the Texas Department of Corrections for a period of 25 years for each offense. The trial judge ordered that the sentences be cumulated.

On December 22, 1983, in its Cause No. 10–83–057–CR, the Waco Court of Appeals, with an unpublished opinion, affirmed the judgment of two convictions. We granted appellant's petition for discretionary review to determine whether the court of appeals correctly overruled appellant's complaint that the trial court erred by convicting him of both attempted capital murder offenses since both were alleged in a single indictment.

Appellant asserts that it was error for the trial court to permit multiple, nonproperty offense convictions arising from a single indictment and that such error is fundamental. The court of appeals held that since appellant did not move to quash the indictment, the error was waived, citing *Munoz v. State*, 169 Tex.Cr.R. 181, 333 S.W.2d 148 (1960); *Hill v. State*, 169 Tex. Cr.R. 104, 332 S.W.2d 579 (1960); *Hood v. State*, 169 Tex.Cr.R. 422, 334 S.W.2d 302 (1960). In its brief, the State concedes there are cases holding that obtaining two such convictions from one indictment is improper, but argues that the error is not fundamental in light of this Court's abandoning the carving doctrine in *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App. 1980) (Opinion on State's Motion for Rehearing).

There is much more involved in this cause than those competing positions, however. From the format and content of the single indictment one may deduce that an objective of the State, through its local district attorney, is to achieve judicial approval of its prosecuting, convicting and punishing an accused for two or more distinctly proscribed offenses in one trial on a single indictment. See also *Siller v. State*, 686 S.W.2d 617 (Tex.Cr.App., delivered this day). At the threshold we see problems with one contention made by the State.

First is a matter of terminology. Article 27.05, V.A.C.C.P., uses the term "criminal episode," but it is not defined in the procedural code. Outside of V.T.C.A. Penal Code, Chapter 3, the term is used sparingly in the penal code. See, e.g., § 22.021(a)(5): sexual assault becomes aggravated when the person uses or exhibits a deadly weapon "in the course of the same criminal episode." It is defined only in § 3.01—"the repeated commission of any one offense defined in Chapter 7 of this code (Offenses Against Property)"—and that definition is *only* for purposes of Chapter 3. See *Boutwell v. State*, 653 S.W.2d 108, 110–111, n. 1 (Tex.App.—Austin 1983), review granted on other grounds and pending. Accordingly, unless Chapter 3 is implicated, practitioners and courts would be well advised to avoid loosely using the term "criminal episode."

Secondly, no one has mentioned that the court of appeals found:

"The offenses [of attempted capital murder] were distinct assaults against two different persons, sufficiently separated by time and place so that prosecution for both was not in violation of State and Federal constitutional double jeopardy provisions. *Ex parte McWilliams* [634 S.W.2d 815, 823 (Tex.Cr.App.1982)]; *Meeks v. State* 653 S.W.2d 6, 11 (fn. 4) (Tex.Cr.App.1983)."

Its conclusion about jeopardy aside, the factual findings made by the court demonstrate, notwithstanding a contrary assertion by the pleader in this indictment, that the two counts respectively alleging attempted capital murder of Officer Thurman and attempted capital murder of Officer Stone arose out of different "transactions." Which brings us to the late carving doctrine, and the third problem.

When the Supreme Court of Texas possessed jurisdiction over criminal cases, it expressly recognized the doctrine. In *Jackson v. The State*, 43 Tex. 421 (1875), the Supreme Court noted in passing, "It is a general rule that a party may in a criminal proceeding be held to answer for any offense, great or small, which can legally be *carved out of the transaction*," and cited 1 Bishop in Criminal Law, 536. Then in *Wilson v. The State*, 45 Tex. 76 (1876)

the Supreme Court found that the great weight of American authorities supported the conclusion it was about to reach. Included among cited authorities is an Indiana decision, *Jackson v. State*, 14 Ind. 327, from which the Supreme Court extracted the following:

"The State cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based on the whole or part of the crime."

*Wilson*, supra, at 83. The conclusion reached is:

"[W]hen the transaction is the same [it] is but one offense against the State, and ... the accused cannot be convicted on separate indictments charging different parts of one transaction as a distinct offense. A conviction on one of the indictments bars prosecution on the other."

*Ibid.*

Contemporaneously, then Presiding Judge White wrote for the former court of appeals what seems to be the first shorthand rendition of the carving doctrine in our criminal law jurisprudence, *viz:*

"The prosecutor had a right to carve as large an offense out of this transaction as he could, but *yet must cut only once.*"

*Quitzow v. The State*, 1 Tex.App. 47, 53–54 (Ct.App.1876). The Court relied on and discussed *Wilson v. The State*, supra, and several other authorities.

In *Simco v. The State*, 9 Tex.App. 338 (Ct.App.1880), Presiding Judge White opined for the Court why once an accused who stole simultaneously three horses, each belonging to a different owner, and had been convicted for theft of any one of them, could not be legally convicted for theft of the other two, *viz:*

"Because the transaction—the taking of the three horses at the same time— would constitute but one offense in law

(*Wilson v. The State*, 45 Texas 76); and the plea [of former conviction] would be good upon the strength of, and by virtue of another rule, well settled in criminal practice, which allows the prosecutor to carve as large an offense out of a single transaction as he can, yet he must cut only once. *Quitzow v. The State*, 1 Texas Ct.App. 47. Here is where the doctrine of carving would come in and support the plea. [References to Wharton on Criminal Law and authorities cited by him, omitted.]"

*Simco*, supra, at 349. To the same effect is *Wright v. The State*, 17 Tex.App. 152 (Ct.App.1884), in which Presiding Judge White posited a similar taking of cattle of two different owners at the same time and a prior conviction pertaining to one owner, and explained there could not be second trial for taking cattle of the other owner—

"because the transaction being but one, the prosecution could carve but once, and having once carved and convicted it could not claim another and second conviction against the same party for the single offense. It is the doctrine of carving ... which makes this distinction between the plea of autrefois acquit and autrefois convict where several ostensible crimes are covered by a single transaction."

*Wright*, supra, at 159. See also *Hirshfield v. The State*, 11 Tex.App. 207, 215 (Ct.App. 1881).

Essential to the carving doctrine, then, is that there be just one transaction. In the instant cause the court of appeals correctly found there are two transactions. See *Ashton v. State*, 31 Tex.Cr.R. 482, 21 S.W. 48 (1893); *Lillie v. State*, 79 Tex.Cr.R. 615, 187 S.W. 482 (1916). Since the carving doctrine was never applicable to offenses arising out of different transactions, its passing cannot affect the State's prosecuting, convicting and punishing an accused in accordance with other rules.[2]

---

2. Those rules were derived from writings of leading writers such as Messrs. Archbold, Bishop and Wharton and decisions in other jurisdictions. One pertinent rule was stated for the

Court by Judge Hurt in *Keeler v. The State*, 15 Tex.App. 111 (Ct.App.1883), *viz:*

"The principle is that the court should always interpose, either by quashing the indictment or by compelling an election, where an at-

However, assuming that there are not two transactions but only one, the State asserts that "in the absence of the 'carving doctrine' a defendant may be indicted separately and tried for each offense committed in the same ... transaction," and asks, "Why then, absent objection by the defense, should it not be permissible to obtain the same object with one piece of paper instead of two?"

The answer lies in another distinctly different set of rules, independent of the carving doctrine, governing joinder of offenses; it implicates statutory provisions and judicial declarations pertaining to charging instruments, joinder of offenses, consolidation for trial and allowable punishment. And most profound questions are raised by the 1973 legislative enactment of V.T.C.A. Penal Code, Chapter 3, and related conforming amendments to procedural rules.

The common law and Texas statutes from Old Code art. 626 through all its successors to Article 37.07, § 1(a) provided that the verdict in every criminal action "shall be general." That meant that "where there are several counts in an indictment, on the bringing in by the jury of a general verdict the court will apply the verdict to any *one* of the several counts and order judgment and sentence accordingly." *Southern v. State*, 34 Tex.Cr.R. 144, 29 S.W. 780, 781 (1895). *Arnett v. State*, 105 Tex.Cr.R. 132, 286 S.W. 989 (1926), collects many authorities for the proposition that "if there be two counts and both are submitted and a general verdict is returned the judgment [on one count] will be upheld." And if one count is "good" and supported by sufficient evidence and the other is "bad" or not supported, "a general verdict is also proper, and would be assigned to the good count," *Boren v. The State*, 23 Tex.App. 28, 4 S.W.

463, 466 (1887). With that basic principle in mind, we turn to matters of pleading counts in a charging instrument.

Before the new penal code with its conforming amendments to the code of criminal procedure became effective, one significant statutory rule for pleading was that provided by the 1965 version of Article 21.24, V.A.C.C.P., *viz:*

"An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may think necessary to insert, *but may not charge more than one offense.* An indictment or information shall be sufficient if any one of its counts be sufficient."

Facially the provisions seem clear and unambiguous, but as Presiding Judge Onion observed in his Special Commentary to former Article 21.24, the intended meaning of "offense" was subject to interpretation.

A report of the results of our research into that matter consumes so many pages that it should not be published; however, it is appended to this opinion so that the parties and courts involved in this cause may be informed. Suffice to say that as things stood in 1973, common law rules of allowable pleading of matters in several counts of a single indictment, and the permissible consequences of doing so, had been melded with predecessor articles before the 1965 changes in Article 21.24. *Vannerson v. State*, 408 S.W.2d 228 (Tex. Cr.App.1966) had found that the 1965 changes did not alter prior construction of precursors, and its followings never deviated from the essence of *Vannerson*. The problem posed by Presiding Judge Onion had been solved: in the clause "but may not charge more than one offense," "of-

tempt is made, as manifested by either the indictment or the evidence, to convict the accused of *two or more offenses growing out of distinct and separate transactions,* but should never interpose in either mode, where the joinder is simply designed and calculated to adapt the pleadings to the different aspects in which the evidence on trial may present a single transaction." *Id.,* at 114.

See also *Fisher v. The State*, 33 Tex. 792 (1870–1871); *Lunn v. The State*, 44 Tex. 85 (1875); *Simms v. The State*, 10 Tex.App. 131, 159–160 (Ct.App.1881). Thus, any thought that the carving doctrine compels the election required by common law rules is misplaced. Carving applied to a single transaction; election was required between two or more distinct and separate transactions.

fense" meant "criminal transaction." Within that framework there could be multiple prosecutions, but only one conviction for just one offense with concomitant punishment.

A radical new concept of "multiple prosecutions" was proposed by the State Bar Committee on Revision of the Penal Code. See Chapter 3, "Texas Penal Code, A Proposed Revision" (Final Draft, October 1970) ("Blue Book") 25–36; see also proposed conforming amendments to, e.g., Articles 3.04, 21.24, 27.05 and 37.07, V.A.C.C.P., Blue Book 365–367. But ultimately the proposal was accepted just for prosecution of offenses against property only pursuant to V.T.C.A. Penal Code, Chapter 3. Thus, in pertinent part § 3.02 provides:

"(a) A defendant may be prosecuted in a single criminal action for all offenses arising out the same criminal episode.[3]

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the State shall file written notice of the action ..."

Section 3.03 acknowledges that in a consolidation or joinder of prosecutions the accused may be "found guilty of more than one offense arising out of the same criminal episode" as defined in § 3.01. Then it directs that sentence for each such offense be pronounced, but mandates that they run concurrently.

Consistent with its original concept of "multiple prosecutions" and its broad definition of "criminal episode," the Blue Book proposed to rewrite Article 21.24 to provide for "Joinder of Certain Offenses." Thus, subsection (a) would have provided:

"(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode." [4]

Having introduced into the new Penal Code its own notion of multiple prosecutions, the Legislature naturally sought to render Article 21.24 compatible with those new provisions. As revised under the catchline "Joinder of *Certain* Offenses," Article 21.24 permits:

"(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, *as defined in Chapter 3 of the Penal Code.*

(b) A count may contain as many paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

(c) A count is sufficient if any one of its paragraphs is sufficient. An indictment, information, or complaint is sufficient if any one of its counts is sufficient."

What that simple addition to subsection (a) surely means is that the Legislature intended to recast the provisions of former Article 21.24 by eradicating judicially applied gloss of "criminal transaction" over "offense" and replacing it with a new and limited definition of "criminal episode" in order to implement its own notion of consolidation and joinder of property offenses arising out of the same criminal episode as defined in § 3.01 of the penal code. Section 3.02(a) and (b), respectively, contemplate that an accused may be prosecuted "in a single criminal action for all [such] offenses" either through a single charging instrument alleging them, as permitted by revised Article 21.24(a), or through consoli-

---

**3.** As proposed in the Blue Book, a "criminal episode" essentially meant "all conduct ... incident to the attempt or accomplishment of a single criminal objective, even though the harm is directed toward or inflicted upon more than one person." *Id.,* at 25. As enacted, Section 3.01 defines "criminal episode" for purposes of Chapter 3 as "the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

**4.** Subsection (b) permitted a count to contain as many separate paragraphs charging the same offense as deemed necessary, but precluded any paragraph from charging more than one offense. Subsection (c) made a count sufficient if one of its paragraphs is, and a charging instrument sufficient if one of its counts is. Both (b) and (c) would be substantially approved by the Legislature—but not (a).

dating for trial "more than one charging instrument." See Practice Commentary following § 3.02.

According to Shepard's Texas Citations, the first case in which present Article 21.24 was noticed is *Ex parte Gnesoulis*, 525 S.W.2d 205 (Tex.Civ.App.—Houston [14th] 1975). Since it arose in the context of a contempt matter on the civil side, the precedental value is minimal; nevertheless, the finding is illuminating, *viz:*

> "At the time of the [decision in *Ex parte Genecov*, 143 Tex. 476, [186 S.W.2d 225 (1945)], in misdemeanor cases, separate offenses could be charged in separate counts and the whole matter disposed of in one trial. However, that rule was changed by the Texas Legislature in 1973 by the amendment of Article 21.24. It is now necessary to charge separate offenses in separate informations."

On the criminal side at the outset, recast Article 21.24 first went unnoticed at the appellate level and received uneven treatment in trial courts. See *Faulks v. State*, 528 S.W.2d 607 (Tex.Cr.App.1975);[5] *White v. State*, 543 S.W.2d 130 (Tex.Cr.App.1976), *Jordan v. State*, 552 S.W.2d 478 (Tex.Cr. App.1977); and *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977).[6]

On the other hand, in a case of first impression, *Waythe v. State*, 533 S.W.2d 802 (Tex.Cr.App.1976), the Court found a motion to quash an indictment containing four substantive counts of forgery was without merit because "Article 21.24 provides that a single indictment may charge two or more offenses, each in a separate count, if the offenses arise out of the same 'criminal episode' [as defined in Chapter 3, V.T.C.A., Penal Code]," and "the repeated commission of forgery as alleged in the substantive counts permitted the State to charge all four offenses in a single indictment," *id.*, at 803. To the same effect is *Robinson v. State*, 553 S.W.2d 371, 371–372 (Tex.Cr.App.1977), though the Court must have merely assumed that two counts of aggravated robbery alleged to have been committed against different persons on the same day qualify as "repeated commission of any one offense," for it did not decide the point. Nor did a panel of the Court in *Johnson v. State*, 627 S.W.2d 426 (Tex.Cr. App.1982), find it necessary to determine whether offenses of aggravated robbery and robbery meet the definition of criminal episode. *Id.*, at 427, n. 1.

Meanwhile in *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.1978), a panel of the Court routinely alluded to the old rule that allowed charging "two or more distinct felonies in different counts" in iterating that "the accused may be convicted of only one count," but pointing out that §§ 3.01–3.03 have "abolished this rule with respect to property offenses," *id.*, at 134. Though the panel was considering the matter in the interest of justice, there is no indication that it examined continued propriety of joinder of offenses other than against property in light of Article 21.24. However, in *Patterson v. State*, 581 S.W.2d 696 (Tex.Cr.App.1979), a Court panel opined that a count alleging possession of marihuana and another count charging possession of a firearm by a felon were "improperly joined in the indictment since the two offenses were not violations of Title VII of the Penal Code." *Id.*, at 697, n. 1. Yet, confronted with a series of fifteen unlawful deliveries of controlled substances, each respectively alleged in a sepa-

---

**5.** Though the alleged offenses of theft and burglary had been committed August 20, 1974, a panel of the Court rejected claimed duplicity in indictment under former Article 21.14, relying on decisions construing its predecessors. *Id.*, at 609. See also *Allen v. State*, 552 S.W.2d 843, 847 (Tex.Cr.App.1977) ("[W]here an accused is charged with several crimes growing out of the same transaction under Article 21.24... We know of no authority which would prohibit the State from seeking a conviction for the crime having the highest penalty. See, e.g., *Stephens v. State*, 522 S.W.2d 924 (Tex.Cr.App.1975).");

however, the offense in *Stephens*, had been committed before January 1, 1974.

**6.** In those cases two or more counts alleging repeated offenses against property had been inserted in a single indictment and a finding of guilty made on each; however, things went awry when the trial court improperly imposed sentence.

rate count in a single indictment, and a conviction and punishment for each, another panel of the Court gratuitously stated:

"Except for the offenses defined in Chapter 3 of the Penal Code, only one conviction can be had on an indictment even though it has more than one count."

*Santoscoy v. State*, 596 S.W.2d 896, 902 (Tex.Cr.App.1980). And by quoting from the 1892 opinion of the Court in *Crawford v. State*, 31 Tex.Cr.R. 51, 19 S.W. 766 (Ct. App.1892), *Santoscoy* suggests a revival of earlier common law pleading practice the Court had engrafted onto former article 433 and its successors. Similarly, the majority opinion on rehearing in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981) reproduces a portion of Mr. Bishop's dictum quoted in *Boren v. The State*, 23 Tex. App. 28, 4 S.W. 463 (Ct.App.1887), and cites other older cases for the proposition that under Article 21.24(b) "an indictment may and should be comprised of as many counts as are necessary to meet the contingencies of the evidence." *Id.*, at 162–163.[7]

Indeed, so far as one may determine from Shepard's Texas Citations, the recent opinion of the Court in *Meeks v. State*, 653 S.W.2d 6 (Tex.Cr.App.1983), reflects the only effort by this Court to analyze Article 21.24(a) in light of its 1965 revision, the *Vannerson* construction and related decisions and legislative developments in 1973. See *Meeks*, supra, at 10–12. Some observations and comments about *Meeks* are in order.

First, *Meeks* takes no note of the fact that the 1965 revision of former article 417 added the limitation that a charging instrument "may not charge more than one offense." While one may say that *Vannerson* construed revised Article 21.24 "to prohibit charging more than one offense in a single indictment if the offense did not arise out the same transaction," *Meeks*, at 10, the truth of the matter is that long ago the Court had found that prohibition in the

common law and generally adhered to it. The question begging to be answered was the effect of the clause added in 1965, so the significant purport of *Vannerson* was and is that revised Article 21.24 did *not* prohibit that approved past practice of charging two or more offenses arising out of the same criminal transaction. And as already discussed in note 11 of the appendix, *Vannerson* seems to have erred in saying that the Legislature did not intend just such a change in the law of pleading two or more offenses in one charging instrument.

The *Meeks* majority, however, opines that "the new wording of Art. 21.24 does not alter the previous prohibition against alleging more than one offense in a single indictment where the offenses were not committed in the same criminal transaction," but instead *"provides an exception to the previous prohibition"* for charging repeated commission of an offense against property. Without considering all the legislative history, it finds support for that interpretation in "the wording of the new statute, and the reason supporting the change in the law."

As to "wording of the new statute," the *Meeks* majority perceives that use of "may" makes the prescribed joinder merely permissive and that the statute contains no indicia that the joinder allowed is exclusive of other joinders the law formerly approved. But the statute is necessarily permissive because §§ 3.01–3.04 preclude mandatory joinder of property offenses. *Gordon v. State*, 633 S.W.2d 872, 876–877 (Tex. Cr.App.1982) and *Waythe v. State*, 533 S.W.2d 802, 804 (Tex.Cr.App.1976). And when an existing statute construed to permit joinder of *all* offenses of whatever nature arising out of one transaction is replaced by one expressly permitting joinder *"if* the offenses arise out of the same criminal episode, as defined in Chapter 3 of

---

7. However, note in *Thomas*, supra, the majority examines § (b) of Article 21.24 in a vacuum, so to speak. That is, it takes no notice whatsoever of the fact that § (a) restricts joinder of counts in one indictment to offenses arising out of the same criminal episode—repeated commission of any one offense against property—and it fails to decide whether that restriction also extends to § (b) as well.

the Penal Code," the fair and reasonable implication is that the Legislature has withdrawn the former authorization in favor of the latter. *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex.Cr.App.1979). That kind of legislating overrules prior statutory law to the contrary, *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 291 (1959), and is what enacting codes and conforming amendments is all about. *American Indemnity Co. v. City of Austin*, 112 Tex. 239, 246 S.W. 1019, 1024–1025 (1922); *Robertson v. State ex rel Clement*, 406 S.W.2d 90, 96 (Tex.Civ.App.—Fort Worth 1966) writ refused n.r.e.; *Pacific Products, Inc. v. Great Western Plywood, Ltd.*, 528 S.W.2d 286, 291 (Tex.Civ.App.—Fort Worth 1975) no writ history; *W.R. McCullough Life Ins. Co. v. Armstrong*, 158 S.W.2d 585, 586 (Tex.Civ.App.—Fort Worth 1942) no writ history.

With respect to "the reason supporting the change in the law," the majority in *Meeks* looks to Practice Commentary to § 3.01, but completely misses the main point. It is *not* the definition of "criminal episode" that permits "aggregation of property values involved in the repeated commission of a property offense so that felony status may be more easily alleged," as the *Meeks* majority believes; that aggregation is provided for in V.T.C.A. Penal Code, §§ 31.09 and 32.03.[8] Aggregation of amounts to determine the grade of what is considered a single offense is a matter entirely different from joinder of two or more offenses in a single charging instrument. What the commentary actually states is that joinder authorization under Chapter 3 "was no doubt intended to be used *in conjunction with*" the two aggregation provisions in Chapter 7. Thus, utilizing the latter in combination with the former, an aggregated offense of felony theft, for instance, may be joined with one or more offenses of ordinary felony theft.

Accordingly, the analysis performed by the *Meeks* majority is faulty in both its aspects. There is simply no reasoned basis for its finding that "the new wording of Article 21.24 V.A.C.C.P., *continues to permit* the State to allege more than one offense in a single indictment if the offenses were committed in the same criminal transaction ...." That wording does not remotely suggest such allowance, and almost the same concept, proposed in the Blue Book, was *rejected* by the Legislature. See *ante*, at pages 941–942.

■ Furthermore, when the Legislature enacted present Article 21.24 as a conforming amendment to the penal code, it impliedly repealed the 1965 revision of former article 417 as construed by the Court. See *Trahan* and related authorities cited *ante*. The 1965 revision continued to provide for charging "the same offense" in several counts of a charging instrument, adding though "but may not charge more than one offense." As construed, however, the term "offense" really meant "transaction." *Vannerson* and progeny. Not only are we entitled to presume the Legislature was aware of that construction, but also we know it was made aware of that fact, albeit in another context, by the Committee Comment to proposed § 3.01 in the Blue Book, *viz:*

> "The criminal episode concept is not new to Texas law. The Texas courts have interpreted the statutes ... which speak in terms of the 'same offense,' as meaning the same 'criminal transaction' ..."[9]

■ Thus, what the Legislature eliminated in 1973 was authority to charge in a single indictment two or more offenses arising out of the same criminal transaction. Today, if such authority exists, it must be found elsewhere, and since Janu-

---

**8.** Pertaining to theft and fraud offenses, respectively, each reads the same, *viz:*

"When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and *the amounts aggregated in determining the grade of the offense.*"

**9.** See generally "The Dual Meaning of One Offense," 20 Baylor L.Rev. (Spring 1968) 218.

ary 1, 1974 that authority has not been satisfactorily identified in opinions by this Court.

Therefore, we cannot hold that a pleader may allege "in a single indictment two or more offenses in separate counts if the offenses arise out of the same incident, act, or transaction, as was alleged in the instant cause."

Even if one could safely find that the common law rule enunciated by Mr. Bishop, reproduced by Judge Hurt in *Boren v. State*, supra, was not necessarily implicated in article 433 and its successors, including the 1965 version of Article 21.24, that rule would not permit the State to join in one indictment the several counts alleged here, nor permit the trial court to enter separate judgments on verdicts of the jury. That rule is: "[I]n another class of cases [the object of an indictment in several counts is] to vary what is meant to be the one accusation, so as, at the trial, to avoid an acquittal by any unforeseen lack of harmony between allegation and proofs ...," or as sometimes stated by the Court, "several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offense," *Dalton v. The State*, 4 Tex.App. 333 (Ct.App.1878) and *Weathersby v. The State*, 1 Tex.App. 643, 645 (Ct.App.1876). And, of course, with a general verdict there could be but one conviction, punishment and sentence.

■ Having come to the above conclusions, we now address the failure of appellant to object to the joinder or to protest dual convictions in one trial. Though it has been often said that "[f]ailure to so treat multiple counts in an indictment [to allow but one conviction of a single offense] requires reversal even when the appellant has not raised the error on direct appeal," the precedents for many decisions to that effect may be traced back to some of the same authorities discussed *ante*. In *Garcia*, for one instance, the earliest case cited is *Wimberley v. State*, 94 Tex.Cr.R. 1, 249 S.W. 497 (1923); it in turn cited several older cases and particularly approved of

*Banks v. State*, 93 Tex.Cr.R. 117, 246 S.W. 377 (1922), because it had reviewed those cases and others. But the leading opinion addressed by *Banks* is *Crawford v. State*, supra, wherein the Court developed the presumption that two or more felonies charged in the same indictment are "parts of the same transaction," obviating an election on the part of the State, but limiting the judgment to but one conviction on the theory that it "appropriates the guilty intent which runs through and connects these several acts of offenses and makes them one." *Banks*, supra, 246 S.W. at 379. Under that rationale, regardless of how many counts are inserted to allege two or more offenses arising out of the same actual or presumed transaction, there is ultimately only one resultant offense of which an accused may be convicted and for which one may be punished. In that circumstance, though it was often held that the matter of being convicted of more than one offense must be called to the attention of the trial court in order to obtain review of the error on appeal, e.g., *Wimberley* and *Banks*, supra, the more reasoned view is that a trial court is "without legal authority" to enter judgment and impose sentence for more than one offense. *Ex parte Easley*, 490 S.W.2d 570, 571 (Tex.Cr.App.1972).

■ On the other hand, when separate and distinct offenses alleged in one indictment are shown by the evidence adduced by the State to come from different criminal transactions, "at the request of the defendant the state should be forced to elect upon which count or transaction it will prosecute," *McKenzie v. State*, 32 Tex.Cr.R. 568, 25 S.W. 426 (1894). That follows from what the Court characterized as "a clear legal right," *Smith v. State*, 101 Tex.Cr.R. 615, 276 S.W. 924, 925 (1925). However, like most legal rights, that one too may be waived. Article 1.14, V.A.C.C.P. Accordingly, if election is not demanded and there is no protest against being convicted for more than one felony under the same indictment, the Court said in *Wimberley v. State*, supra, it "would not feel called upon to raise the question on its own mo-

tion;" and while it did notice a violation in *Monroe v. State*, 146 Tex.Cr.R. 239, 172 S.W.2d 699 (1943), because "appellant has made no complaint of the erroneous procedure ... we do not base a reversal thereon," *id.*, 172 S.W.2d at 700. One reason for requiring some character of objection in the trial court was stated in *Banks*, supra, 246 S.W. at 379, *viz:*

> "Sometimes it may occur, as in *Blackwell v. State*, 51 Tex.Cr.R. 24, 100 S.W. 774 [1907], that accused demands no election and makes no protest at conviction for various felonies charged in the indictment, on the theory, perhaps, that a plea of former conviction or acquittal would avail him in bar of further action on any act or offense included in the indictment..."

██ In the instant cause the court of appeals found that the two counts respectively alleging attempted capital murder of Officer Thurman and attempted capital murder of Officer Stone arose out of different transactions. Thus, failure to demand an election or to protest conviction for each separate offense risked the very appellate finding of waiver made by the court of appeals. For reasons stated in the cases cited just above, in that the court is correct.

Accordingly, the judgment of the Waco Court of Appeals is affirmed.

THOMAS G. DAVIS and CAMPBELL, JJ., concur in result.

ONION, P.J., and MILLER, J., dissent.

TEAGUE, J., dissents for reasons stated in his opinion in *Siller v. State*, 686 S.W.2d 617 (Tex.Cr.App., delivered this day).

### APPENDIX

Before the new penal code with its conforming amendments to the code of criminal procedure became effective, one statutory rule for pleading by the State was that provided by the 1965 version of Article 21.24, V.A.C.C.P., *viz:*

> "An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may think necessary to insert, *but may not charge more than one offense.* An indictment or information shall be sufficient if any one of its counts be sufficient." [1]

Facially the provisions seem clear and unambiguous, but as Presiding Judge Onion observed in his Special Commentary to former Article 21.24, the intended meaning of "offense" was subject to interpretation.

One immediate precursor to revised 21.24 was article 417, C.C.P.1924. It read:

> "An indictment or information may contain as many counts, charging the same offense, as the attorney who prepares it may think necessary to insert. An indictment or information shall be sufficient if any one of its counts be sufficient." [2]

Another was a proviso in former article 408a, C.C.P.1925, originally enacted by Acts 1959, 56th Leg., ch. 390, p. 864, to govern just allegations of misdemeanors, *viz:*

> "Provided, further, that in charging any such offense or any other offense of the grade of misdemeanor *not more than one offense may be charged* or alleged in the same complaint, information, or indictment."

Both article 417 and article 408a proviso were merged into a rephrased Article 21.24 in the 1965 revision. See Historical Note to Article 21.24, as well as to Article 21.15, and *Turner v. State*, 462 S.W.2d 9, 23, n. 3 (Tex.Cr.App.1969) (Onion, J., dissenting).

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Though the statute includes "information," it and its predecessors seem to have been applied only to felonies, for early and late the Court held that a charging instrument may contain "several counts charging different misdemeanors," *Alexander v. State*, 27 Tex.App. 533, 11 S.W. 628, 629 (1889) and *Green v. State*, 167 Tex.Cr.R. 272, 320 S.W.2d 818, 824 (1959); see also *Donahoo v. State*, 159 Tex.Cr.R. 334, 264 S.W.2d 108, 109 (1954). In 1959 the Legislature changed the rule.

Thus evident is that the Legislature deliberately caused to be added at the end of the first sentence the clause *"but may not charge more than one offense."* But sometimes that which appears clear to some may be murky to others, and so it would be with Article 21.24.

The statutory genesis of former article 417 is article 433, C.C.P.1879; it was added during the revising process. II Willson's Criminal Texas Statutes (1888) 123–124.[3] In an annotation thereto Judge Willson noted, "Before the enactment of the preceding article it was permissible to charge two or more offenses in separate counts of the same indictment." He was paraphrasing what then Presiding Judge White had written in *Boles v. The State,* 13 Tex.App. 650 (Ct.App.1884), after reviewing earlier decisions finding and following common law rules previously explicated by scholarly writers such as Messrs. Archbold, Bishop and Wharton. *Id.,* at 655–656. Those decisions range from counts in charging instruments alleging different modes of committing the same criminal act to allegations of separate and distinct offenses, and respective consequences.[4]

After 1879 when the Court had occasion to address article 433, its decisions seem to be reading into the statute some of the common law on the same subject, though it did not always mention the statute.[5]

Judge Willson also quoted at length from what he may have regarded as a leading opinion on the matter—*Boren v. The State,* 23 Tex.App. 28, 4 S.W. 463 (Ct.App.1887). The case involved but one criminal act: theft of a steer. The two count indictment simply alleged different factual contingencies relative to the taking. However, writing for the Court, Judge Hurt relied solely on writings of Mr. Bishop to find a test for determining sufficiency of each count, and by quoting extensively from his work, 1 Bish.Crim.Proc. 421, 422, laid out principles concerning counts, *viz:*

"The word 'count' is used when, in one finding by the grand jury, the essential parts of two or more separate indictments, for crimes *apparently* distinct, are combined; the allegations of each being termed a 'count,' and the whole an 'indictment.' [6] And an indictment in several counts, therefore, is a collection of several bills against the same defend-

---

3. The compiler was Sam A. Willson who contemporaneously was Judge Willson of the former court of appeals. See 11 S.W. (iii).

4. See, e.g., *Dalton v. The State,* 4 Tex.App. 333 (Ct.App.1878); *Barnwell v. The State,* 1 Tex.App. 745, 747 (Ct.App.1877); *Waddell v. The State,* 1 Tex.App. 720, 721 (Ct.App.1877); *Weathersby v. The State,* 1 Tex.App. 643, 645 (Ct.App.1876); *Dill v. The State,* 1 Tex.App. 278, 286 (Ct.App. 1876).

5. In *Gonzales v. State,* 12 Tex.App. 657 (Ct.App. 1883) the indictment contained two counts pertaining to the same burglary, one alleging it occurred in daytime, the other at night; alluding to article 433, the Court upheld the pleading on the proposition that the counts were necessary to meet whatever the evidence might show. In *Boles v. The State,* 13 Tex.App. 650 (Ct.App. 1884), though the Court did recognize article 433 "as an express statute upon the subject" of criminal pleading and practice, it did not particularly construe it; rather, it approved an indictment pleading forgery in one count and uttering a forged instrument in another count "because in their nature the offenses are very similar," making clear, however, that conviction on only

one count was permissible. *Id.,* at 655–656. In a context of burglary and theft charged respectively in counts of one indictment, *Miller v. State,* 16 Tex.App. 417, 420 (Ct.App.1884), is to the same effect. Then, confronting a three count indictment in *Shubert v. The State,* 20 Tex.App. 320 (Ct.App.1886), the Court said, "It is not only permissible, but commendable, to insert in an indictment so many counts as will be necessary to provide for every possible contingency in the evidence," citing art. 433 and *Gonzales v. The State* and *Boles v. The State,* both supra. Much the same would be said in *Chester v. The State,* 23 Tex.App. 577, 5 S.W. 125, 126 (Ct.App.1887), about an indictment alleging forgery in one count and attempting to utter or pass in the other. Authorities supporting one rule were collected in *Mason v. State,* 29 Tex. App. 24, 14 S.W. 71 (Ct.App.1890):

"It is the rule of the common law, followed in numerous decisions in this state, that it is not a valid objection to an indictment that it charges separate and distinct offenses, in several counts, even when the offenses charged are felonies, *if they be of the same character, differing only in degree.* [Host of citations omitted, including many described *ante* ]".

6. Emphasis in original.

ant for offenses which on their face appear distinct, under one caption, and found and endorsed collectively as true by the grand jury. The object is what it appears to be; namely, in fact to charge the defendant with the distinct offenses, under the idea that the court may, as often as it will, allow them to be tried together, thus averting from both parties the burden of two or more trials; *or, in another class of cases*, to vary what is meant to be the one accusation, so as, at the trial, to avoid an acquittal by any unforeseen lack of harmony between allegation and proofs, or a legal doubt as to what form of charge the court will approve."

And he further quoted from *Bishop*, at 426:

"On the face of the indictment, therefore, every separate count should charge the defendant *as if he had committed a distinct offense*, because it is upon the principle of joinder of offenses that the joinder of counts is admitted."

From all that Judge Hurt concluded that "each count is to be *considered* as charging a distinct offense" when testing for sufficiency of allegations in each count; he did not notice the 1879 statute at all. Thus, it is Mr. Bishop's dictum more than Judge Hurt's conclusion that Judge Willson set forth in his annotation to article 433.[7]

Similarly without citing art. 433, the Court explained in *Crawford v. State*, 31 Tex.Cr.R. 51, 19 S.W. 766 (Ct.App.1892):

"The object in inserting various counts in an indictment is not to secure separate convictions for as many counts, but to meet the various phases of the testimony; and it is permissible and proper to charge all the felonies which go to make up the offense committed by the defendant, but not to charge different offenses committed at different times and in *different transactions*. ... Where two or more felonies are charged in the same indictment, the presumption is that they are parts of the *same transaction*, and are to be sustained by the same evidence; and while they all may be submitted to a jury, there can be but one conviction which, as it were, appropriates the guilty intent which runs through and connects these several acts or offenses and makes them one. [Citations and quotes from Messrs. Bishop and Archbold and decisions from other jurisdictions, as well as the Court, omitted]."

The *Crawford* opinion was written by Judge Simpkins, and in a context of charging instruments it seems to be one of the earliest to elucidate the notion of a "transaction"—something broad enough to embrace two or more contemporaneous "acts or offenses" committed by an accused.[8] Agreeably in effect, again without refer-

---

7. Though an editor paraphrased the first excerpt from Mr. Bishop and attributed it to *Boren*, see n. 2, annotations to Article 21.24, one may observe that such is not included in any headnote to the decision reported at 4 S.W. 463. Understandably, then, rarely has *Boren* been relied on for establishing Mr. Bishop's dictum; but see *Thomas v. State*, 621 S.W.2d 158, 162 (Tex.Cr. App.1981).

8. Compare *Clark v. State*, 28 Tex.App. 189, 196, 12 S.W. 729 (Ct.App.1889), quoting Mr. Bishop: "In robbery 'the indictment may charge the defendant in the same count with felonious acts with respect to several parties ... if it was all one transaction.'"

Earlier in resolving a jeopardy problem, the Court had also resorted to Mr. Bishop, *viz:*

"There is a difference between a crime and a criminal transaction. A criminal transaction may be defined to be an act, or a series of acts, proceeding from one wrongful impulse of the will, of such nature that one or more of them may be indictable. * * * In reason, there may be any number of distinct crimes in a single criminal transaction. This comes from the fact that ... it is impossible that there should be an exact outline of crime whose circumference shall exactly coincide with every criminal transaction. The consequence is that the law does, what it must, declare this combination of act and intent to be indictable; then another combination, and another, and so on, until it has proceeded far enough, when it stops. And when this is done it is impossible that the inhibitions should be so distinct that no one shall embrace anything forbidden by another. Therefore, it is established doctrine that more than one offense may be committed by man in one transaction."

*Whitford v. State*, 24 Tex.App. 489, 6 S.W. 537 (1887).

ence to article 433, is *Shuman v. State,* 34 Tex.Cr.R. 69, 29 S.W. 160, 161 (1895). Shortly, however, the Court resumed judicially glossing article 433 with common law rules.

In *Dill v. State,* 35 Tex.Cr.R. 240, 33 S.W. 126 (1895), the indictment alleged in separate counts burglary and conspiracy to commit the same burglary, respectively. After the State closed its evidence, a motion by Dill to have it elect which count would be prosecuted was denied. Addressing his bill of exception for the Court, then Presiding Judge Hurt wrote:

> "Now, while it is true that the offense called 'conspiracy' was complete when the positive agreement was made ... to commit the burglary, and it is also true that the burglary and the conspiracy to commit the same are distinct offenses, still they may constitute but one criminal transaction. Our statute (article 433 ...) provides that an indictment or information may contain as many counts charging the same offense as the attorney who prepares it may think necessary to insert. If the statute means when it says 'the same offense' that the offenses must be technically the same, then theft and swindling cannot be inserted in the same indictment, in separate counts, nor can theft and receiving the stolen property, nor rape and incest, because technically, they are separate and distinct offenses. *We understand the meaning of the word 'offense,' as used in this statute, to be the same criminal transaction.* That being so, the rule is that counts may be joined in the same indictment to meet the various aspects in which the evidence may present itself."

That construction of the statute was adhered to in the several cases that mentioned it. See, e.g., *Johnson v. State,* 52 Tex.Cr.R. 201, 107 S.W. 52, 53 (1908)

(charging burglary of private residence at night in one count and burglary in daytime in the other, expressly provided by article 469, C.C.P.1895 [formerly article 433], is "simply charging the same offense in different ways" in order to meet possible contingencies arising from facts developed at trial); *Longoria v. State,* 80 Tex.Cr.R. 123, 188 S.W. 988, 999 (1916) (pleading "the same transaction or offense" in two counts not only "expressly authorized by our statute" but is commended); *Wilson v. State,* 80 Tex.Cr.R. 266, 189 S.W. 1071 (1916) (charging "different phases of the same transaction under the same statute" in two counts not only proper and "expressly provided for by statute," but "commendable as good criminal pleading"); *Smith v. State,* 81 Tex.Cr.R. 534, 197 S.W. 589, 590 (1917); *Todd v. State,* 89 Tex.Cr.R. 99, 229 S.W. 515, 516 (1921) (duplicity under statute); *Estell v. State,* 91 Tex.Cr.R. 481, 240 S.W. 913, 914 (1922) (permissible to insert several counts in an indictment which charge offenses similar in kind or which might find support in same kind of testimony); *Wimberley v. State,* 95 Tex.Cr.R. 102, 252 S.W. 787, 789 (1923) (practice of charging different offenses in separate counts to meet the evidence that may be disclosed on trial often commended); see also *Bumry v. State,* 150 Tex.Cr.R. 6, 198 S.W.2d 887, 889 (1947). And no doubt some opinions pretermitted citing the statute in favor of opinions of the Court that had done so.

Soon after the 1965 procedural code went into effect the Court decided *Vannerson v. State,* 408 S.W.2d 228 (Tex.Cr.App.1966), and about revised Article 21.24 wrote:

> "We do not construe this statute as a prohibition against charging several ways in which one offense was committed, or charging more than one offense based upon the same incident, act or transaction. *Jarnigan v. State,* 171 Tex. Cr.R. 136, 345 S.W.2d 754 [ (1961) ]." [9]

---

9. The contention was that such pleading offended then recently enacted article 408a, supra, prohibiting alleging two different misdemeanors in one information. The Court concluded:

    "Clearly, it was the intent of the Legislature to prohibit the charging of more than one *sepa-*

*rate* offense in an indictment and not a prohibition against charging several different ways in which one offense might be committed. *Hood v. State,* 334 S.W.2d 302 ... does not support his contention because in that case the information charged two separate and dis-

*Id.,* at 229.[10] *Vannerson* became the seminal opinion on construction of former Article 21.24.[11] See, e.g., *Rose v. State,* 427 S.W.2d 609, 611 (Tex.Cr.App.1968); *Breeden v. State,* 438 S.W.2d 105, 107 (Tex.Cr.App.1969); *Steambarge v. State,* 440 S.W.2d 68, 70 (Tex.Cr.App.1969); *Hughes v. State,* 455 S.W.2d 303, 305 (Tex.Cr.App.1970); *Brown v. State,* 475 S.W.2d 938, 945–946 (Tex.Cr.App.1971); *Ex parte Easley,* 490 S.W.2d 570, 571 (Tex.Cr.App.1972); *Tibbetts v. State,* 494 S.W.2d 552, 555 (Tex.Cr.App.1973); *Crocker v. State,* 573 S.W.2d 190, 197–199 (Tex.Cr.App.1978)[12]; *Koah v. State,* 604 S.W.2d 156, 159 (Tex.Cr.App.1980).[13] For opinions relying on progeny of *Vannerson,* see, e.g., *Martinez v. State,* 498 S.W.2d 938, 943 (Tex.Cr.App.1973); *Ellard v. State,* 507 S.W.2d 198, 200 (Tex.Cr.App.1974); *Hicks v. State,* 508 S.W.2d 400, 403 (Tex.Cr.App.1974); *Peterson v. State,* 508 S.W.2d 844, 847 (Tex.Cr.App.1974); *Stephens v. State,* 522 S.W.2d 924, 928 (Tex.Cr.App.1975), after abatement in 509 S.W.2d 363 (Tex.Cr.App.1974); *Jurek v. State,* 522 S.W.2d 934, 940–941 (Tex.Cr.App.1975); *Beaupre v. State,* 526 S.W.2d 811, 816 (Tex.Cr.App.1975). The offense in every case just cited predated January 1, 1974.

As things stood in 1973, then, the common law rules of allowable pleading of matters in separate counts of a single indictment, and the permissible consequences of doing so, had been melded with predecessor articles before the 1965 changes in Article 21.24. *Vannerson,* supra, found that the 1965 changes in language did not alter prior construction of precursors, and its followings never deviated from the essence of *Vannerson.* The problem posed by Presiding Judge Onion had been solved: in the clause "but may not charge more than one offense," "offense" meant "criminal transaction." Within that framework there could be multiple prosecutions, but only one conviction and concomitant punishment for but one offense.

tinct offenses involving separate and distinct transactions."
*Id.,* 345 S.W.2d at 755. (Emphasis in original). *Hood v. State,* supra, and *Hill v. State,* 169 Tex.Cr.R. 104, 332 S.W.2d 579 (1960), are to the effect that unless waived the statute imposed a mandatory requirement that "but one offense be alleged."

**10.** *Jarnigan,* supra, is a negligent homicide case, in which the offense was alleged in two counts, differing only in degree.

**11.** In the judgment of the writer the *Vannerson* Court misapprehended the 1965 revision. For some ninety years precursors to Article 21.14 had been construed to permit charging two or more felony offenses arising from the same criminal transaction—knowledge of which is attributable to members of the Legislature, as well as to the late Fred Erisman and members of the State Bar Special Committee for the Revision of the Code of Criminal Procedure of which he was chairman. No change was needed to retain that settled construction and its correlative caveat that separate offenses out of different transactions may not be joined. That they took the provisions of former article 414 and deliberately added to its first sentence *"but may not charge more than one offense"* patently was intended to have an effect other than "offense" as thus used is really "criminal transaction." The Court must have overlooked the fact that Article 21.24 was derived from article 417 *and* the proviso in article 408a that clearly was intended to preclude charging more than one misdemeanor offense in a single charging instrument.

**12.** Though *Crocker* was decided in 1978, all serial acts making up the offense of castration occurred prior to the effective date of the new penal code and its conforming amendments; indeed, the former article denouncing that offense was repealed by the new code. Thus, *Crocker* does not purport to interpret Article 21.24 as rewritten in 1973.

**13.** Like *Crocker,* supra, the offenses under the Blue Sky Law in *Koah* were committed in June 1973, before the effective date of Article 21.14 as amended.